Judge Owsley
delivered tbe opinion,
This was an ejectment brought by the present appellees» to recover a tract of land lyiDg in Montgomery county.
They claim the land under a purchace from tbe sheriff; at a sale made in virtue of a writ of fieri facia?; which issued on a decree pronounced in favor of the appel lee, John* stou,. against the devisees4 of Jacob Mvers; dhc-’d.; and ón the trial in tbe circuit court, be produced1 in> evidence; thet deed from the sheriff to-Johnston, made in 151-6, in pursuance of a sale in the same year,the fieri facias under which* the sale was made, the decree on which the fieri focins issued, together with the patent to Jacob Myers, deceased, and evidence conducing to shew the land was devised by Jacob Myers to the persons against whom the decree in favor of Johnston was pronounced; After this evidence tVas gone through; the present appellants, who were defendants in the circuit court; produced inf evidence; tbe copy of a decree of the Bburban circuit court, pronounced in 1814, in a1 suit between the appellants and tile Heirs of Jacob Myers, deceased, &c. determining that the appellants bad right to a‘conveyance of the land in cdotest from1 the heirs of Myers, but no conveyance appears to bave’Beerir executed until after tire appellee, Johnston; purctía%ed and obtained a deed of conveyance4 fto*r the sheriff* Wltefts* *221 uputí fhe appellants* moved tbs cmwl to iadriirt <⅛⅜ Jury* that tfie right! being determined between tfeem and fhte Ireks of Myers, under wirorti tb« appellees chit» the decree, took away the appsetkes’ right of e»Uy, the right being thereby determined between ilurappe iiafcts and those under Whoar the appellees- elarm; b-it the court overruled |⅛® motion* a»d refused:to give the iiistVuctfoss as asked fop.
The right of entry is merely legal and cannotbe affected by the decree of the chancel* lor, miters that decree is, consummated by a conveyance — the chancellor may compel obedience to bis decree, but the mere decree does not alte*-’ the legal position of the party.
A question arising” collaterally in the appellate court, and never decided by the court below.cannot be noticed by the aopt-Uatt» court.
A conveyance neither proved or ac* knowledg.d and lodged in time with the cferk “ro be recorded/’ does not affect the right of a creditor or purchaser.
This court entertains no doubt of the correctness of the decisfom-of the circuit courf in refusing to give the insW-ac-’ tioits to the jury.
The right of entry; is a lega! tight,’ and cannot be irans-formed by the chaiicellor’s deere®. Tire CiianceMor may decide oft the equitable right, to have a transfer of the' legal right of entry, and may enforce a compliance with-rhis decree, by compelling a conveyance; but until the conveyance fe actually mader the right of entry featai»» as it was» before the decree,' & cannot be said to hitve been taken- a way or defeated by the decree, ft vtas contended in argument* that the decree introduced by the appeferttSv Was no I final* and as such, the suit tvas depending, when the safe and conveyance Were made by the sheriff; and beaee, k was-urged* that tile appellants Can have gamed up title tmder that sale and conveyaweey inconsequence of being purchasers pen--denle lite. Il is Obvious, however', that tne argument assumes a position not taken in tbs motion to instruct* and involves a principle not decided by the circuit court. The court was asked, barely, to instruct the jury that the decree took away the appellee’s right of entry: and that, in consequence of the pending of the suit, the appellants gained no title under the purchase from the sheriff, but that in consequence of the right having been determined by the decree, the right of entry was defeated. It was, therefore* as to the effect of the decree, and not what Would be the effect Of a> conveyance made whilst the suit was depending, fhe court Was asked for, and gave atr opinion.
In the progress of the cause in the circuit court, and after the appellants had* introduced af deed of convey ance, made by part of the devisees of Jacob Myers, foi the land ⅛ contest* before tire date- of the execution under wtiieli the lánff was salt! by the sheriff, the court Instructed the jwy, that the deed, ⅛consequence of its not having been proven oraicknowledged* and lodged with the clerk of the proper county, to be recorded- ⅛ fhe time required by (¡aw, was Void as to the execution ef Johnston, under which *222 the appellees claim. In so instructing the jury, the court, no douht. decided correctly, The deed thus declared void, was held by this court, at the last term, in the case of More, &c. against barran, and al not to have been duly proved and‘dodged to be recorded,” and we still entertain no doubt of (be correctness of the opinion there expressed.
After the jury lad f und a verdict for the appellees, the counsel for the appellants, moved the court lor a new trial, or, the ground of surprise: and it was contended in argument, that the court erred, in refusing to aw ard a new tri-, ⅜1. But it should be remarked, that the assignment of enors, barel» question the correctness of the opinions of the court contained in exceptions filed by the appellants, and there is no exceptions to ills court’s refusal to award a new trial. If, hovyever, the assignment of errors had presented the question, as the record contain? no exception? to Uie-decision of the court, in overruling the motion for a new trial, this court could not, consistent with the uniform course of adjudications, reverse that decision. The decision, in either granting or refusing a new trial, must always be presumed correct until the contrary is made to appear, und without an exception to the opinion of the court, it is impossible for this court to say, that the allegation of surprise was not sufficiently disproved on the hearing of the motion for a new trial.
The judgment must be affirmed with cost,