TARBELL, Ex parte   See Case No. 2,783.

TARBELL (CRAMTON v.).   See Case No. 3,-349.

TARBOX (DANIELS v.).   See Case No. 3,-568.

---

## Case No. 13,752.

### TARDY et al. v. MORGAN.

[3 McLean, 358.][1]

Circuit Court, D. Indiana.   May Term, 1844.

COURTS—JURISDICTION—EQUITY—CONVEYANCE—PURCHASER WITH NOTICE—FRAUD.

1. A court of chancery in any other state, than that in which land is situated, can make no decree which can affect the title to such land.

2. But having jurisdiction of the person of the owner of the land, they may decree a conveyance, and enforce the decree, by attachment or otherwise.

3. A conveyance executed under a decree, operates by virtue of the conveyance, and not by force of the decree.

4. In such a case, the chancery suit does not constitute a part of the title, and need not be presented as such.  The proceeding in chancery may be looked at as showing the ground on which the conveyance was made.  A knowledge of facts, which if traced and understood, will lead to a knowledge of title, is sufficient to charge a purchaser.

[Cited in Janvrin v. Janvrin, 60 N. H. 172; Galley v. Ward, Id. 332.  Cited in brief in Garrard v. Pittsburgh & C. R. Co., 29 Pa. St. 157; Hill v. Epley, 31 Pa. St. 332; Woods v. Wilson, 37 Pa. St. 380.]

5. Fraud may be proved by circumstances.

[This was a bill by Tardy and others against Lewis Morgan.]

Mr. Smith, for complainants.
Mr. Dunn, for defendant.

OPINION OF THE COURT.  The bill states that the complainant, under a decree of the chancery court of Virginia, purchased the two half quarter sections in Shelby county, Indiana, which was conveyed to him by William Craddy, dated 28th May, 1842. That the deed was not recorded until the 5th September, 1843; before which time, Craddy

had fraudulently sold the said land to Morgan, the defendant, who had notice of the previous purchase and deed; and that under this fraudulent purchase, he received a deed for the land from John Craddy and William Craddy, dated 21st November, 1842, which was recorded on the next day.  The answer admits the procurement of the title by the defendant, and denies any notice which can charge him.

The statute of Indiana gives effect to the deed first recorded, where a prior deed has not been recorded within twelve months.  But, if the junior deed first recorded has been obtained fraudulently, the statute does not protect it.  The court in Virginia could exercise no jurisdiction over this land in Indiana.  A decree of such court, could not by the mere force of its own power, reach the title or affect it.  But having jurisdiction of the person, it had power to enforce its decree against him by attachment or otherwise.  And it seems, that in obedience to its decree, the conveyance to the complainant by William Craddy was executed.  This deed is the foundation of the complainants' title.  And the proceeding of the court could not be referred to.  It is insisted that the chancery proceedings constitute a part of the complainants' title; and that the extract of those proceedings, as certified and offered in evidence, are not admissible.  But this objection is not sustainable.  The deed was the act of the party, and is binding without a reference to the decree, if a consideration be named in it.  And the reference to the chancery proceeding need be considered for no other purpose, except as showing a consideration.

The case must turn upon the question of notice.  This the defendant does not sufficiently deny.  The first letter to him from Houston, one of the complainants, dated 11th December, 1841, informed defendant that he and others had purchased the land, under a decree of the court, and inquired as to the quality of the land, and what amount of taxes were due upon it.  Also, he inquired whether defendant, who had previously been Craddy's agent respecting the land, would act for the complainants.  The answer of the defendant, dated 27th December, 1841, gives an account of the land, amount of taxes paid, &c.  He wished to know at what time the land was purchased, what kind of deed was given, and at what price the land could be purchased.  Also, whether a deed of general warranty could be given.  A letter from William Craddy to defendant, dated June, 1842, complains of the proceedings of the court, of the sheriff in breaking open his doors, &c., and represented that he had been applied to for a deed which he would never give.  That the proceedings were not binding, &c.  The deed had been executed by Craddy in May preceding the date of this letter.  This correspondence shows a knowledge of facts by the defendant, which should,

---

[2] [From 12 Law Rep. 5.]

[1] [Reported by Hon. John McLean, Circuit Justice.]

at least, have put him upon inquiry. Indeed, the last letter to him from Craddy was, of itself, sufficient for this purpose. It is true he denied having executed a deed for the land, but there was enough in the letter to excite a prudent man to cause the chancery proceeding in Virginia to be examined. There are circumstances connected with the execution of the deed to the defendant, which create some doubt whether it was a bona fide transaction. The sum of twelve hundred dollars is named as the consideration in this deed. And the defendant alleges that this was paid by a conveyance of one hundred and sixty acres of land to the children of William Craddy.

In the cross bill filed by the defendant, he states that in 1834, William Craddy agreed to convey to John Craddy the tracts here in dispute, in consideration that he should assume a certain debt of seven hundred and eighty dollars, due by William Craddy to one Kyle, in which John was security. And complainant avers, that John did comply with the agreement, by paying the said sum of money, before the purchase by complainants. And it is averred that complainants knew of this contract. In their answer the complainants deny every material allegation in the cross bill, and especially that they had any notice of the contract between William and John Craddy. And they deny that John had any interest in the land. The deed to defendant was executed by William Craddy and John Craddy, by William Craddy, his attorney; but no power of attorney was proved. Nor was there any proof that John Craddy paid the sum which, as security, it is alleged he agreed to pay. On the contrary the defendant states he paid the consideration by conveying other lands to the children of William Craddy.

In the first place we think the defendant had notice to charge him, and this, connected with the circumstances referred to, go to establish the fact that this purchase was not bona fide, and that the complainant is entitled to the relief he prays for. Decree, &c.