## O'CONNER, Respondent, v. CORBITT, Appellant.

Where the complaint alleged that in September, 1849, plaintiff settled on a tract of land, " the same being public land of the United States," that subsequently H., a foreigner, built a house and occupied a portion of the tract, and now that H.'s executor is offering the same for sale, and plaintiff prays an injunction, and damages for the occupation: Held, that the complaint sets forth no principle on which to base a claim.

The prospective pre-emption Act of Congress of 1841, is expressly confined to the surveyed lands, and was not extended to California at the time of the acts complained of, and the statute of this State, which protects the possession of settlers on public lands, to the extent of 160 acres, was not passed until April, 1852, long after the commencement of this suit. Under neither of these acts can the plaintiff claim any rights, and by his own showing he is a mere trespasser.

An action brought under the Act of 1850, must show that the possession of the plaintiff has been invaded.

The right to recover for use and occupation is founded alone on contract.

A trespass dies with the trespasser.

APPEAL from the Superior Court of the City of San Francisco.

The complaint in this case sets out, that plaintiff, in September, 1849, entered upon a lot of the public lands of the United States, built a house thereon, and fenced, and cultivated a por-

tion thereof, and remained in quiet possession of the same, until Henry Hogan, a foreigner, and not a citizen of the United States, entered upon the same land, and contrary to defendant's wishes built a house thereon. That Hogan has since died, and that · defendant, acting as the executor of Hogan, who never occupied the premises, has advertised to sell a large quantity of said land of complainant; which advertisement sets forth that the said land is the property of said Hogan, and to be sold for the benefit of one Hans Hogan, a foreigner, resident of Germany, although the same was in the possession of the plaintiff, a citizen of the United States at the time of Henry Hogan's entry thereon; and prays that defendant be enjoined from selling the same, and that he be decreed to pay the plaintiff $1000, the rents, profits, and issues, received by Hogan during his lifetime, and costs, &c.

It is unnecessary to state the pleadings or the facts further than they are disclosed in the opinion of the court, as the case turned altogether upon the allegations set forth in the complaint.

The case was referred, and the referee reported $1000 damages to plaintiff for defendant's interference, and said that the injunction allowed by the court against defendant be sustained and made perpetual.

The defendant applied for a new trial, which the court granted, and it was from this order this appeal was taken.

There were no briefs on file.

HEYDENFELDT, Justice, delivered the opinion of the court. WELLS, Justice, concurred.

The complainant alleges, that in September, 1849, he settled upon a tract of land, " the same being public land of the United States," that subsequently a foreigner, named Hogan, built a house and occupied a portion of the tract, and that now the defendant, as executor of Hogan, is offering the same for sale, and he prays an injunction and damages for the occupation.

Upon what principle his claim is based, I am at a loss to imagine. The prospective pre-emption act of Congress, of 1841, is expressly confined to the surveyed lands, and was consequently not extended to California at the time of the acts complained of.

The statute of this State, which protects the possession of settlers on public lands, to the extent of one hundred and sixty acres, was not passed until April, 1852, long subsequent to the commencement of this suit.   Under neither of these two acts, then, can the plaintiff claim any rights.   He is himself but a mere naked trespasser, by his own showing, and entitled to no relief, his own averment destroying the presumption of title which the law makes in favor of possession.

The order below is reversed, and judgment here rendered, reversing the judgment of the court below, and dismissing the complaint with costs.

October 11th, 1853, the defendant petitioned this court for a rehearing: 1st. Because the cause by consent of counsel was to have been submitted to the court on written arguments, which had not yet been submitted by either party.

2d.  Because there was error in the court declaring that the statute of this State, which protects the possession of actual settlers on public lands of the United States, to the extent of 160 acres, was not passed till April, 1852, being subsequent to the commencement of this suit.   As the act under which this action was brought was passed April 11, 1850, long anterior to the bringing of this suit, and is entitled " An act prescribing the mode of maintaining and defending possessory actions, on lands belonging to the United States," under which plaintiff shows that he has a good cause of action, and that on reference thereto the decision of this case will be found erroneous,. and therefore prays a rehearing.

After the rehearing, the following opinion was delivered by HEY-DENFELDT, Justice, with which WELLS, Justice, concurred.

In the petition for rehearing, the plaintiff claims that his suit was commenced under the act of 1850, prescribing the mode of maintaining possessory actions on public lands of the United States.

His action, however, is not a possessory action, as, instead of showing that his possession is invaded, his complaint shows no one but himself to be in possession.

The prayer is twofold: first, to prevent an executor's sale, for fear, we suppose, of its imposing a cloud on his title, which cannot be done, because he has no title.

Second, to recover rents and profits for the use and occupation of the land by the deceased, Hogan; but this cannot be done, because the right to recover for use and occupation is founded alone on contract; whereas the declaration shows that the deceased was a trespasser, and if so, the trespass died with him. And again, no such right is given by the statute which is invoked.

The petition is denied.