### P. C. WALLIS'S HEIRS *v.* JOHN J. WILSON'S HEIRS et al.

1. MORTGAGE: REDEMPTION: RIGHT TO DOWER UNDER REDEMPTION LAW.—An agreement between a judgment debtor and a third person, under which the latter purchases the land of the former at execution sale, on the joint account of both parties, reserving the right to the debtor to redeem within one year, is a mortgage, and the right to redeem exists as in other cases of mortgage. Nor in such a case is the statutory right of redemption within two years, lost or waived.

2. CHANCERY: COMMISSIONER.—The Chancery Court cannot, by its decree, divest the legal title to land out of one party and vest it in another. It is necessary, in such a case, to appoint a commissioner to convey.

APPEAL from the Vice-Chancery Court of Yazoo city. Hon. George W. Dougherty, vice-chancellor.

The complainant, Hill Stewart, filed his bill in the court below, to redeem certain lands which had been sold as his property, under executions emanating upon judgments against him, and purchased by Wilson for the use of Wallis.

The bill alleged that, within two years from the date of the sale, which took place in May, 1851, he tendered the amount of his bid to Wilson, and also interest, at ten per centum per annum, and demanded a reconveyance, but that Wilson refused to accept the money, or to permit the complainant to redeem.

The defendants admitted that the tender was made within two years, but denied complainant's right to redeem, under an agreement entered into between Wallis and Stewart, and which, they insisted, limited the right of redemption to one year; and they denied that the tender was made within that time.

This agreement was indorsed on the execution under which the land was sold, and was as follows:—

" This agreement, between Hill Stewart and P. C. Wallis, witnesseth, that H. Stewart being indebted to P. C. Wallis on a judgment coming and due at the May term of the Yazoo Circuit Court, agrees to the sale of the land, waiving all legal notice. The said land is to be bought or purchased in by John J. Wilson, and held by him on account of Stewart and Wallis, and subject to redemption at any time during the year and out of the growing crop.

  " Signed,      " P. C. WALLIS, [SEAL.]
             " H. STEWART. [SEAL.]"

Wallis and Wilson both died during the pendency of the suit, and it was revived in the names of their heirs.

The vice-chancellor decreed in favor of the complainant, and the money being paid by him into court, he directed, without the appointment of a commissioner to convey, that the title to the land be divested out of the heirs of Wilson and of Wallis and vested in Stewart. From this decree the heirs of Wallis appealed.

*N. G.* and *S. E. Nye*, for appellants.

*George L. Potter*, on same side.

This was a bill filed by Hill Stewart, to redeem certain lands

sold under executions against him. He alleged a tender, pursuant to the statute, and a refusal.

The answer set up a special agreement, made prior to the execution sale, by which Wilson was to purchase the lands at sheriff's sale, and hold them for account of Wallis and Stewart, subject to redemption, during the year, out of the growing crop.

This agreement may be found on the preceding page, and its due execution was admitted in open court.

We insist that this agreement was valid and binding between the parties. Stewart could waive the privilege of redemption secured to him by the Act of 1842. It was made for his benefit, and he had the power, to consent to a sale without reserving any right of redemption, or to contract on such terms as he saw proper. He did elect to waive his statutory privilege; and, by such waiver, induced Wallis to become the purchaser.

After he had thus waived his privilege, and contracted that Wallis might purchase without regard to it, and had thus induced him to purchase, he could not repudiate his agreement, and insist on his statutory privilege.

If this view be correct, the case is at an end, for the bill is founded wholly upon the statutory right. It does not even refer to the agreement under which the purchase was made. A complainant can have no relief "for matters not charged, although they may be apparent from other parts of the pleadings and evidence." Story Eq. Plead., § 257.

It is wholly immaterial whether or not the complainant might have been entitled to relief if his bill had been filed upon that agreement, for it constitutes no part of his case. He might as well attempt to recover upon the present bill, on proof of infancy, fraud, or other matter of avoidance. The decree must, therefore, be reversed, and the bill dismissed.

But, we insist, that Stewart has no right of redemption under the agreement. He does not pretend that he offered to pay the money within the year therein limited. There is no pretence to say the transaction was a mortgage. It was not an attempt to raise money by loan, nor to obtain further time on a pledge of the land. On the contrary, Stewart voluntarily waived a year or more of the time allowed him by law; and the evident object of the

waiver was to induce Wallis to make the purchase. As he would have had no right to redeem after the two years limited by the statute, so he can claim no greater right, when he has waived part of the time the law allowed him. His proposition to Wallis was this: "If you will purchase the land, I will waive all right of redemption, except during the year;" and it is idle to claim that he retained a right of redemption beyond that time.

If this be not the correct view of the agreement, it must be regarded as a reservation of a right to *repurchase* within a limited time; and the right ceased when the time expired. No reason or excuse is shown why the money was not paid pursuant to the agreement; and so no equity shown for an extension of time.

*George B. Wilkinson*, for appellees.

For the appellees, we think the decree in the court below was correct.

1st. Because, at the time of the sale of the land under execution, the redemption law was in full force and unrepealed; and, by that law, the defendant was allowed two years within which to redeem. The agreement filed as an exhibit to the answer, by which the right of redemption is sought to be restricted to one year, is void, because no consideration existed for that agreement. None is averred, and none proved.

2d. Because the bill, answer, and exhibits, disclose facts which, in law, constitute a mortgage. It is universally held, that no precise form of words is necessary to constitute a mortgage. If it sufficiently appears that the parties designed to contract, as a security for the repayment of money, it has been always held to be a mortgage. We think that, in this case, that intention sufficiently appears.

*R. S. Holt*, on same side.

Under the law in force at the time, Stewart had an unquestionable right to redeem in two years, unless he had, in some way, divested himself of the legal privilege.

It is equally beyond question, that his tender was in full compliance with the statute, and perfected his right to reclaim the land.

But, it is insisted, that the agreement set up in the cross-bill,

deprived Stewart of his statutory right of redemption, or, rather, limited it to one year.

The agreement contains no inference or allusion to the statutory right of redemption, and, therefore, affords no evidence of an intention to extinguish that right. It cannot be construed as prejudicing the statutory right, unless it be, in legal effect, repugnant to and incompatible with it.

What, then, is the legal operation of the agreement? It evidently shows an agreement to advance for Stewart an amount of money, and to take and hold the legal title to the land, as security for its non-payment. As such it was simply a mortgage, involving all the essentials of such a security, and having no other legal operation.

Nor is it, in any degree, material that the deed for the land was not obtained directly from the borrower, or party for whom the advance was made. It was obtained from him, in fact, through the instrumentality of the sheriff.

The right to *redeem* the land within a year is expressly secured, and was plainly intended as a right to redeem, under the contract and deed operating as a mortgage, and not a right to redeem under a statute which does not seem to have been in the minds of the parties, and of which they were probably ignorant.

That the transaction operated as a mere mortgage is manifest by reference to the standard definitions of that security. 4 Kent, 132, 141.

As a mortgage, the title of the creditor by its terms became absolute at the end of the year, but in equity the right of redemption existed for a much longer period—existed in full force when the tender was made, and was limited only by the Statute of Limitations.

The right of redemption under the statute within two years was, therefore, less extensive in duration than the right of redemption under the equitable mortgage, and could exist concurrently with it. Between them there was no inconsistency, and the one did not necessarily merge or extinguish the other. The statutory right to redeem was, therefore, in full force when the tender was made.

But even if I should be wrong in this view of the subject, the right to redeem under the equitable mortgage most certainly ex-

isted.   The amount due was tendered, and the debtor from that time was entitled to the aid of a court of chancery to have the legal title restored to him.

It is conceded that the decree is erroneous in attempting directly to divest the legal title out of Wilson's heirs and vest it in Stewart's heirs, without a conveyance by a commissioner.

But this court will, we conceive, correct this error by a decree appointing a commissioner to convey.

SMITH, C. J., delivered the opinion of the court.

This was a bill filed in the Vice-Chancery Court for the Middle District, by Hill Stewart against John J. Wilson and Philip C. Wallis.   The object of the suit was the redemption of certain lands sold by the sheriff under execution against complainant, and purchased by Wilson for and on account of said Wallis.   The bill alleged a tender of the money paid by the purchaser, within two years from the date of the sale, and interest at ten per centum per annum thereon.

The redemption law was then in force, and there is no contest in regard to the tender.   But the respondents rely upon a written agreement between complainant and said Wallis, entered into before the sale, by which they allege that the right to redeem was limited to one year from the time of the sale.   It is admitted that the tender and offer to redeem were not made until near the expiration of two years from the time of the sale.

We have no doubt that the agreement, the purchase made in compliance with its terms, and the payment of the money as set forth in the answer, operated as a mortgage.   It is hence very certain that the complainant's right, as the mortgagor, to redeem was not barred either by the agreement or by the Statute of Limitations.   But the complainant did not seek to recover upon the mortgage.   He claimed the right to redeem as the defendant in the execution, in virtue of the statute.   Our sole inquiry, therefore, is whether by the agreement he did not surrender his statutory right of redemption.

The agreement appears to have been made without reference to the statute.   There was, hence, no express waiver or surrender by the complainant of any right or privilege thereby granted.   And

when we look at the transaction, and regard it in the light of a mortgage, there is not the slightest pretence for saying that the agreement can operate as an implied or constructive surrender of the privilege of redemption. For, holding the transaction to have constituted a mortgage, no conceivable right acquired under it by the mortgagee can possibly conflict with the statutory privilege of the complainant to redeem.

The vice-chancellor was, therefore, correct in holding that complainant was entitled to redeem. But an error exists in the decree, which requires correction. The decree attempts to pass the title to the land directly, by divesting it out of the heirs of Wilson and vesting it in those of Hill Stewart. The decree in this respect will be reversed, and a commissioner appointed to make the proper conveyance.