[No. 7,494.—Department Two.]

## S. B. EMERSON *v.* B. D. WEEKS ET AL.

ACTION FOR RENT—LANDLORD AND TENANT—SUFFICIENCY OF EVIDENCE.—
  *Held*, That the evidence stated in the opinion justified the finding that
  the relation of landlord and tenant did not exist between the plaintiff
  and defendants.

APPEAL from a judgment for the defendants and from an order denying a motion for a new trial, in the Superior Court of San Mateo County. HEAD, J.

*McKisick & Rankin,* for Appellant.

*Fox & Ross,* for Respondent.

MORRISON, C. J.:

The plaintiff brought this action to recover of the defendants the sum of three thousand two hundred and seventy-two dollars, the rent of certain lands, situate in the County of San Mateo, for the year commencing on the 10th day of October, 1877, and ending at a corresponding period in the year 1878. It is admitted that the premises to recover the rent of which this action was brought, were leased by the plaintiff to one *Robinson J. Weeks,* the father of the defendants, for the term of ten years, commencing on the 10th day of October, 1873, but it is claimed that a new contract was entered into between the plaintiff and the defendants, with the consent of R. J. Weeks, the original lessee, whereby the defendants were to use, occupy, and cultivate the land for the year commencing on the 10th of October, 1877, and ending October 10th, 1878, and to pay the same rent therefor that was agreed upon in the first lease. The cause was tried by the Court without a jury, and judgment was entered in favor of the defendants.

The findings are all adverse to the plaintiff, and if sustained by the evidence, the conclusion arrived at by the Court is undoubtedly correct. We think there was sufficient evidence to justify the findings. It is true that there is some conflict in the evidence ; and where there is a substantial conflict in the evidence, the rule is well settled that this Court will not reverse the judgment. The defendant, B. D. Weeks, testified as follows: That "he was one of the defendants; lived on the ranch ; knew that his father had a lease from the plaintiff; never leased the ranch from plaintiff; never rented it from him for the cropping season of 1877–8; witness' father ran the ranch but got into trouble, was harassed by his creditors, and ran it for the season of 1877–8 in the name

of witness and Asa; witness never promised to pay plaintiff any rent; never was his tenant; never agreed to become his tenant; never had anything to do with him; witness never got any part of the crop of 1877–8; plaintiff and the father of witness got all of it, except what went to pay for supplies. * * * Witness and Asa carried on the ranch in 1877–8; it was in our hands, but R. J. Weeks really managed everything; made all the purchases; hired all the help and gave orders in his name," etc.

The other witness, Asa Weeks, testified substantially to the same facts. He says that "he knew his father had a lease from the plaintiff; that he never took any assignment of that lease from his father in his and his brother's name; never rented the ranch from the plaintiff for the cropping season of 1877–8; never said anything to him on the subject; never promised to pay him any rent. * * * R. J. Weeks leased the ranch to defendants for one year from November 1st, 1877; the ranch was run in the name of himself and brother for that year, but his father managed the business just as before; plaintiff got all the grain raised on the place during the season of 1877–8 that could be spared."

From this evidence the Court found, and was fully justified in finding, that the relation of landlord and tenant never existed between the plaintiff and defendants; that defendants never occupied the premises with the permission of the plaintiff, and that they never promised to pay him any rent therefor.

In view of the foregoing evidence this Court can not disturb the judgment of the Court below.

Judgment and order affirmed.

SHARPSTEIN, J., and THORNTON, J., concurred.