[No. 14778.    Department Two. — October 4, 1892.]

## W. E. WARNOCK, RESPONDENT, *v.* W. P. HARLOW, APPELLANT, AND A. P. CATLIN, RESPONDENT.

LANDLORD AND TENANT — RENT. — An action for rent, *eo nomine*, cannot be maintained, unless the relation of landlord and tenant exists between the plaintiff and defendant.

ID. — INTERPLEADER — ADVERSE CLAIMANT OF TITLE — VALUE OF USE AND OCCUPATION. — Where a tenant pays money into court as the rent stipulated in a lease executed by one of the defendants, and asks for an interpleader between his landlord and the other defendant, who is an adverse claimant of the legal title, and who claims to be entitled to the rent, it seems that such adverse claimant may avail himself of the admission that the plaintiff owes the money to whichever of the claimants may be entitled to it, and if entitled to the land, may recover the rent as against the landlord, though the actual value of the use and occupation may be more or less than the amount deposited.

TRUSTS — TITLE OF TRUSTEE — ENFORCEMENT OF TRUST — LIS PENDENS — UNRECORDED CONVEYANCE FROM TRUSTEE. — Where property is conveyed by a husband to his wife, the legal title passes, although it may be held by her in trust for her husband; and if she conveys it to a third person before action is commenced by the husband to enforce the trust, her grantee is not to be regarded as a purchaser *pendente lite*, although his deed is not recorded until after a notice of *lis pendens* is filed in the recorder's office.

ID. — VALIDITY OF UNRECORDED DEED. — An unrecorded deed is valid as between the parties thereto and those who have notice thereof, and is only void as against subsequent purchasers in good faith and for a valuable consideration, and is not void as against a prior record of *lis pendens* in an action to enforce a trust against the grantee of the deed.

ID. — CONSTRUCTION OF CODE — NOTICE OF LIS PENDENS NOT A "CONVEYANCE" OR "INSTRUMENT." — A notice of *lis pendens* is not a "convey-

ance " within the meaning of sections 1213, 1214, and 1215 of the Civil Code, nor is it an "instrument" within the meaning of section 1217 of the same code.

ID. — "SUBSEQUENT PURCHASERS" — COMMISSIONER'S DEED TO BENEFICIARY OF TRUST. — A beneficiary who sues to enforce a trust, and obtains a commissioner's deed from the clerk in the action, in which a *lis pendens* is filed, is not a subsequent purchaser within the meaning of the statute regulating the record of deeds, and cannot claim priority over an unrecorded deed from the trustee, executed before the filing of the *lis pendens*, and recorded thereafter.

ID. — BONA FIDE PURCHASER FROM TRUSTEE — ENFORCEMENT OF TRUST — PARTIES — CONCLUSIVENESS OF JUDGMENT. — The question whether the grantee of the trustee is a purchaser in good faith and for a valuable consideration without notice of the trust is not precluded by the judgment in the action enforcing the trust against his grantor, to which the grantee was no party, it appearing that his title antedates the action. The judgment is conclusive only between the parties and their successors in interest by title subsequent to the commencement of the action.

ID. — INTERPLEADER — PLEADING — BURDEN OF PROOF. — In an action by the tenant of the grantee of the trustee to compel such grantee and the grantee of the title obtained by the beneficiary in the action to enforce the trust to interplead respecting the rent due, the burden is not upon the grantee of the trustee to allege and prove that he was a *bona fide* purchaser for value without notice of the trust, but is upon the other grantee, to aver and prove that he was not such *bona fide* purchaser.

· APPEAL from a judgment of the Superior Court of Sacramento County.

The facts are stated in the opinion.

*A. L. Hart,* for Appellant.

Respondent Catlin, not being a party to the lease, cannot recover the rent thereunder, *eo nomine.* (Gear on Landlord and Tenant, sec. 130; *Emerson* v. *Weeks,* 58 Cal. 439; *Ramirez* v. *Murray,* 5 Cal. 222; *O'Connor* v. *Corbitt,* 3 Cal. 370.) It was not necessary that the appellant should record his deed, in order to make it effectually pass the title as against the plaintiff in the case of *Brison* v. *Brison.* The plaintiff in that case was not a subsequent purchaser or mortgagee within the meaning of section 1213 of the Civil Code. (*Dennis* v. *Burritt,* 6 Cal. 670; *McCabe* v. *Gray,* 20 Cal. 510.)

*Add. C. Hickson,* and *John W. Armstrong,* for Respondent Catlin.    •

The deed made under the judgment of the court is superior to the deed made to the appellant, because the equitable and beneficiary title was in W. W. Brison at the time the deed was made to the appellant, who was a mere volunteer, and it does not appear that he had notice of the equitable title of W. W. Brison (2 Perry on Trusts, secs. 828, 873, 874; 1 Perry on Trusts, secs. 217, 219; *Bishop* v. *Schneider*, 46 Mo. 482; *Withers* v. *Little*, 56 Cal. 372; *Eversdon* v. *Mayhew*, 65 Cal. 166; *Boone* v. *Chiles*, 10 Pet. 210; *Darst* v. *Gale*, 83 Ill. 136; *Beecher* v. *Rolling Mills*, 45 Mich. 103; *Graham* v. *R. R. Co.*, 102 U. S. 148); and also because it was unrecorded at the time the action of *Brison* v. *Brison* was commenced and the notice of the pendency thereof filed for record. (*Donald* v. *Beals*, 57 Cal. 399; *Smith* v. *Hodson*, 78 Me. 180; *Collingwood* v. *Brown*, 106 N. C. 362; Bennett on Lis Pendens, secs. 297–302; *Youngblood* v. *Vastine*, 46 Mo. 239; 2 Am. Rep. 109; *Hoyt* v. *Jones*, 31 Wis. 397; *Norton* v. *Birge*, 35 Conn. 250; *Grant* v. *Bennett*, 96 Ill. 526.) The appellant is not bound by the decree in the action of *Brison* v. *Brison*. (*Hall* v. *Nelson*, 23 Barb. 88; *Richardson* v. *White*, 18 Cal. 106; *Walker* v. *Goldsmith*, 14 Or. 125; *Smith* v. *Williams*, 45 Mich. 240; *Calderwood* v. *Tevis*, 23 Cal. 335; *Head* v. *Fordyce*, 17 Cal. 149; *Breon* v. *Sterlitz*, 48 Cal. 645; *Amador C. & M. Co.* v. *Mitchell*, 59 Cal. 169; *Shelton* v. *Johnson*, 4 Sneed, 672; 70 Am. Dec. 265; *Cockrell* v. *Mancy*, 2 Tenn. Ch. 59; Story's Eq. Jur., sec. 406; 2 Pomeroy's Eq. Jur., sec. 633; *Murray* v. *Blatchford*, 1 Wend. 583; 19 Am. Dec. 537; *Miller* v. *Sherry*, 2 Wall. 237. See also *Staples* v. *Handley*, 131 Ill. 376; *Hopkins* v. *McLaren*, 4 Cow. 677; *Curtis* v. *Hitchcock*, 10 Paige, 399; Freeman on Judgments, 3d ed., secs. 162, 171; Devlin on Deeds, sec. 795; 6 Am. & Eng. Ency. of Law, 245 c, 245 t, and notes; Bigelow on Estoppel, 5th ed., 115, 142, 143; *Fogarty* v. *Sparks*, 22 Cal. 143; *Satterlee* v. *Bliss*, 36 Cal. 489; *Robinson* v. *Gleason*, 53 Cal. 38; *Leese* v. *Clark*, 29 Cal. 665; *Hunt* v. *Haven*, 52 N. H. 162; *Dickinson* v. *Lovell*, 35 N. H. 16; *Haughwout* v. *Murphy*, 22 N. J. Eq. 531; *Ensworth* v.

*Lambert,* 4 Johns. Ch. 604, 605; *Ehle* v. *Brown,* 31 Wis. 405; *Utley* v. *Fee,* 33 Kan. 683.) The plaintiff properly paid the rent in court and filed the bill of interpleader. (*McDevitt* v. *Sullivan,* 8 Cal. 593; *Schluter* v. *Harvey,* 65 Cal. 158; Code Civ. Proc., sec. 386.)

*Elwood Bruner,* and *A. J. Bruner,* for Respondent Warnock.

HAYNES, C. — On May 4, 1881, W. W. Brison was the owner of the lands described in the complaint, and on that day conveyed the same to his wife, Carrie M. Brison. On September 15, 1886, W. W. Brison commenced an action against his wife, the object of which was to obtain a decree declaring that she held the title to said lands in trust for himself, and to compel a reconveyance, and at the same time filed a *lis pendens* in the recorder's office.

On November 22, 1888, a decree was entered in said cause, requiring Mrs. Brison to execute such conveyance within ten days, and in default thereof, directing the clerk of the court to execute such deed in her name, and such deed was made and delivered by the clerk on December 5, 1888, and recorded on the same day.

On November 29, 1888, after the entry of said decree, and before the execution of the deed by the clerk, W. W. Brison conveyed the land mentioned to the defendant Catlin, one of the respondents herein.

On September 15, 1886, some four or five hours before the suit of *Brison* v. *Brison* was commenced, and before the *lis pendens* was filed, Mrs. Brison conveyed the same land to appellant, W. P. Harlow, but which deed was not recorded until August 15, 1887.

The plaintiff in this action, W. E. Warnock, was the lessee of the same land from Mrs. Brison from October 1, 1885, for one year, and again for a second year, ending October 1, 1887, and paid the rent to her. From October 1, 1887, up to October 1, 1890, Warnock was tenant of the same land under a lease from Harlow, and for the first year paid the rent to Harlow. The rent for the

second and third years is the subject of this contro-versy.

The respondent Catlin, after the said deed from W. W. Brison was executed to him, notified plaintiff thereof and demanded the rent; whereupon the plaintiff commenced this action against Harlow and Catlin, setting out the claim and source of title of each, that each of the defendants claimed to be entitled to the rent due from him, and paid the money into court, and required that they interplead, and that the money be paid to whichever party the court should direct.

Defendant Catlin answered, admitting the facts alleged in the complaint, denied that Harlow was entitled to receive the rents, and alleged that he, Catlin, was entitled thereto.

Defendant Harlow, in his answer, among other allegations not necessary to be noticed at present, alleged that the title which he has, and had at the time he leased to the plaintiff, was derived by him under a deed from said Carrie M. Brison, dated September 15, 1886, but which was executed and delivered to him before the action of *Brison* v. *Brison* was commenced, and before the filing of the *lis pendens*, " and that at the time of the commencement of said action of *Brison* v. *Brison,* and at the time of the filing and recording of the said notice of the pendency of the action, he was the owner, in the possession, and entitled to the possession, of said land."

The cause was tried by the court, and findings and judgment passed in favor of defendant Catlin, and defendant Harlow appealed upon the judgment roll.

Appellant contends that respondent Catlin, not being a party to the lease under which the rent accrued, cannot recover rent, as such, unless he has in some way succeeded to the legal title held by appellant at the time the lease was given, or that in some way the conventional relation of landlord and tenant is shown to exist between Catlin and Warnock.

It is undoubtedly true that Catlin could not maintain an action against Warnock for the rent, *eo nomine,* unless

such relation existed. (*Emerson* v. *Weeks*, 58 Cal. 439; *Ramirez* v. *Murray*, 5 Cal. 222.)

Whether he could recover the money voluntarily paid into court by the tenant as the rent stipulated in the lease executed by appellant without being required to establish by proof the existence of such relation, or whether, such relation not existing, he would be required to resort to an action to recover the value of the use and occupation of the premises if he were entitled thereto as between himself and appellant, is a different question.

Assuming that respondent Catlin is entitled to the value of the use and occupation of the premises, and that Warnock is as to him a trespasser, yet I see no reason why he may not avail himself of Warnock's admission that he owes the money to whichever of the claimants may be entitled to it, and if entitled, recover it, as against Harlow, even though the actual value of the use and occupation may be more or less than the amount deposited; for if appellant be not entitled to the money, it cannot concern him whether Catlin is receiving and Warnock paying more or less than the true value.

It is obvious, however, that the decisive point in the case lies beyond the question above considered, and must first be determined.

The deed made in 1881 by W. W. Brison to his wife undoubtedly vested in her the legal title to the land; and as between those parties, the judgment finally rendered in the case of *Brison* v. *Brison*, November 22, 1888, is conclusive of the fact that said deed, though purporting to convey an unqualified ownership and title, vested in Mrs. Brison the title in trust for her husband.

It is contended by respondent Catlin that Harlow, the grantee of Mrs. Brison, though the deed under which he claims was executed and delivered to him before suit was commenced against her, and before the notice of the pendency of the action was filed, is, nevertheless, bound by that judgment, for the reason that his deed was not recorded until after the *lis pendens* was filed and recorded; in other words, that the holder of a prior un-

recorded deed is to be regarded as a purchaser *pendente lite*, and therefore bound by the judgment.

This question as thus presented is *res nova* in this state, and a full discussion of it would involve an examination of several provisions of the statutes and the construction heretofore given to each.

Certainly, this contention of counsel for respondent cannot be sustained upon any reasonable construction of section 409 of the Code of Civil Procedure, which provides for filing and recording a notice of the pendency of the action in the cases there mentioned. That section provides: "From the time of filing such notice for record *only* shall a purchaser or encumbrancer of the property affected thereby be deemed to have constructive notice of the pendency of the action, and only of its pendency against parties designated by their real names."

The mere pendency of a suit does not, as at common law, charge the subsequent purchaser. A notice of *lis pendens* must appear of record. (*Head* v. *Fordyce*, 17 Cal. 149.) This statute does not give new rights to the plaintiff, but limits rights which he had before, by requiring for the purpose of giving constructive notice, not only a suit, but the filing of a notice of it. (*Richardson* v. *White*, 18 Cal. 102.) If, therefore, the filing of the *lis pendens* is the only constructive notice which can be given of the pendency of the suit, it is clear that the operation of the *lis pendens* as constructive notice cannot be made to depend upon the fact that the deed of a prior purchaser remained unrecorded, for that would be to import into the statute a term or condition not named in it.

Several cases are cited by counsel for respondent Catlin from the reports of other states in support of their contention, and among them the case of *Hoyt* v. *Jones*, 31 Wis. 389, which seems to have been decided under a *lis pendens* statute essentially the same as ours. While this case supports respondent's contention, I cannot approve the conclusion reached by the court, nor the rea-

soning upon which it is based, — reasoning which would be much more cogent if addressed to the question as to what the law should be.   It is a significant fact, however, that after the decision of *Hoyt* v. *Jones*, 31 Wis. 389, the Wisconsin statute under which that case was decided was amended so as to provide in terms that a party holding an unrecorded deed should be deemed a purchaser *pendente lite*.

The other cases cited by counsel for respondent upon this point were decided under statutes essentially different from ours, and upon provisions directly relating to the effect of a failure to record deeds.   These cases, so far as appears necessary, will be noticed in another connection.

Respondent further contends that as against W. W. Brison (under whom respondent claims, and whose *lis pendens* was first recorded) the unrecorded deed from Mrs. Brison to appellant was void, and cites section 1217 of the Civil Code in support.   This section is as follows: "An unrecorded instrument is valid as between the parties thereto and those who have notice thereof."   This section, counsel say, is the same as though it said: "An unrecorded instrument is *invalid* except as between the parties thereto," etc.   If it were clear that section 1217 of the Civil Code means what counsel claims, it would not be necessary to make the paraphrase.   If, however, counsel are right in their construction, *Smith* v. *Hodsdon*, 78 Me. 180, *Collingwood* v. *Brown*, 106 N. C. 362, and *Utley* v. *Fee*, 33 Kan. 683, cited by them, are in point; otherwise they are not.   The Maine section is: "No conveyance . . . . is effectual against any person except the grantor, his heirs and devisees, and persons having actual notice thereof, unless the deed is recorded," etc. In North Carolina a deed only becomes effective by filing for record.   And in neither of these states is notice of the pendency of an action required to be filed or recorded, and the Kansas statute is the same as that of Maine. Our code provisions touching the recording of deeds must be construed together.   At common law, recording

was not necessary to the validity of the deed, or to make it effective against all subsequent conveyances; and such is the law now, except so far as our recording acts have expressly, or by necessary implication, limited their effect and operation. The object of these recording acts is to give " constructive notice of the contents thereof to subsequent purchasers and mortgagees " (Civ. Code, sec. 1213) and to declare the effect of the failure to record a prior conveyance as against a subsequent purchaser or mortgagee of the same property whose conveyance is first recorded (Civ. Code, sec. 1214); and if that section stood alone, a subsequent grantee whose deed was first recorded would have taken the title, even though he had actual notice of the prior unrecorded deed. To prevent this, or at least to place the matter beyond question, section 1217 of the Civil Code declared that "an unrecorded instrument is valid as between the parties thereto *and those who have notice thereof.*" It will be seen that this section, at least as to the last clause, is a necessary qualification of section 1214, and must therefore be taken in connection with it; and it should also be noticed that the only persons as to whom the failure to record a deed makes it void are subsequent purchasers and mortgagees in good faith and for a valuable consideration, while the construction contended for by counsel would make it void as to all persons (except the parties and those who had notice), including heirs and devisees, and purchasers or grantees in bad faith and without consideration.

Nor could the filing of the *lis pendens,* as contended by counsel, operate as a prior recording of a subsequent conveyance, so as to make the deed executed by the clerk to Brison relate back to the commencement of the action, as against the deed to Harlow, which was executed before the suit was begun, and recorded before the deed made by the clerk to Brison was executed; for Brison was not a *subsequent purchaser* within the meaning of the statute. If he acquired title either under the decree or deed, it must have been upon other grounds. Nor was the *lis pendens* such an "instrument" as the statute con-

templates. The word "conveyance," as used in sections 1213 and 1214 of the Civil Code, is defined by section 1215, and the word "instrument," as used in the recording acts, was construed in *Hoag* v. *Howard*, 55 Cal. 564, where it was held to mean "some written paper or instrument signed and delivered by one person to another, transferring the title to or creating a lien on property, or giving a right to a debt or duty," and that it did not include a writ of attachment.

It is further contended on behalf of respondent Catlin, that as Mrs. Brison held the land in trust, the beneficial estate being in her husband, that Harlow acquired no larger estate than she held, and that if he took any title under her conveyance, it was as trustee for W. W. Brison. Assuming that Mrs. Brison was a trustee for the benefit of her husband, that trust not appearing upon the deed which conveyed to her the legal title, it does not follow that her grantee did not take the property discharged of the trust. (Civ. Code, secs. 856, 2243.)

It is assumed and asserted by counsel for respondent Catlin, that Harlow must aver and prove that he was a purchaser in good faith and for a valuable consideration, and that unless he does so, he is a mere volunteer; and in support of this proposition section 2243 of the Civil Code is cited. That section provides: "Every one to whom property is transferred in violation of a trust holds the same as an involuntary trustee under such trust, unless he purchased it in good faith and for a valuable consideration."

If the appellant were bound by the judgment against his grantor in the case of *Brison* v. *Brison*, the burden would be upon him to show that he "purchased in good faith and paid a valuable consideration." But appellant was not a party to that proceeding, and is not bound by the judgment. As to him, it has not been adjudged that his grantor was a trustee. That judgment is conclusive only "between the parties and their successors in interest *by title subsequent to the commencement of the action*." (Code Civ. Proc., sec. 1908, subd. 2; *Hall* v. *Boyd*, 60

Cal. 443.) There is therefore no ground to justify the assertion that appellant was a volunteer, or not a purchaser in good faith, unless it appears that that question was litigated and adjudicated in this case, and that does not appear. The complaint of Warnock, the tenant, recites the ground upon which appellant and respondent Catlin respectively claimed to be entitled to the rents, and in this recital disclosed that appellant claimed under a deed from Mrs. Brison, but did not disclose or allege that it was made prior to the commencement of the action of *Brison* v. *Brison*, and as to respondent's claim, alleged that it was under a deed from Brison executed after the judgment in his favor. There was no allegation in the complaint that appellant purchased with notice of the trust, or that he was not a purchaser in good faith and for a valuable consideration. Respondent Catlin filed his answer first, and admitted "the several averments of fact in said complaint contained," and made no other allegations of fact. He therefore stood directly upon the judgment and the deed made in pursuance of it, and the argument of his counsel is directed almost wholly to the proposition that appellant was bound by that judgment, notwithstanding the finding of the court that appellant's deed was made and delivered before the commencement of the action, as alleged in his answer.

As we have seen, appellant claimed under a prior deed, and that it was first recorded. The presumption was, that appellant acquired thereby the estate which his deed purported to convey, and he was in possession by his tenant.

If the deeds of the respective parties were put in evidence, without anything more, appellant's title must have prevailed, and hence the burden was upon respondent to allege and prove some fact that would qualify or invalidate appellant's title. For this purpose respondent relied upon the plaintiff's averment of the judgment, erroneously supposing that appellant was bound thereby; whilst appellant could safely stand upon his deed, unaffected by the judgment against his grantor, until the

good faith of his purchase should be attacked by averment and proof. Inasmuch as the findings expressly show that appellant's deed was acknowledged and delivered between ten and eleven o'clock, A. M., on September 15, 1886, and that the suit of *Brison* v. *Brison* was commenced and the *lis pendens* filed about four o'clock, P. M., of the same day, and no fact being alleged or found which would invalidate appellant's deed, or show that he held the property in trust for respondent Catlin, the judgment is not sustained by the findings. If anything were needed to confirm the correctness of this conclusion, it will be found in the conclusion of law drawn by the court from the findings of fact, viz., "that the defendant Harlow is concluded herein by said decree in the action of *Brison* v. *Brison.*"

Some other questions have been made in the very able and exhaustive briefs of counsel for each party, but which, in view of the conclusion reached, it is not necessary to consider.

I advise that the judgment be reversed, and a new trial ordered, with leave to the parties to amend their pleadings if so advised.

BELCHER, C., and VANCLIEF, C., concurred.

For the reasons given in the foregoing opinion, the judgment is reversed, and a new trial ordered, with leave to the parties to amend their pleadings if so advised.

DE HAVEN, J., SHARPSTEIN, J., McFARLAND, J.

Hearing in Bank denied.