[S. F. No. 3457. Department Two.—January 29, 1904.]

HENRY B. MURPHY, Appellant, v. CHARLES HOP-
CROFT, Administrator of the Estate of Peter Brereton,
·Deceased, Respondent.

LEASE BY TRUSTEE—LEGAL TITLE—ENFORCEMENT OF TRUST—DECREE
FOR CONVEYANCE—ACTION FOR RENTS UNDER DECREE.—Where a
lease was made by a trustee who held the legal title in his own
name, a mere decree for a conveyance, in an action to enforce the
trust, does not operate to change the legal title before conveyance;
and the owner of the equitable title cannot maintain an action
to recover rents eo nomine which accrued under the lease prior to
the conveyance.

ID.—LANDLORD AND TENANT—RENTS—MESNE PROFITS.—Rents as such
cannot be recovered by one who has not succeeded to the legal
title of the lessor, or between whom and the lessee the conven-
tional relation of landlord and tenant does not exist. Where that
relation does not exist, or where the possession is adverse or tortious,
the action by the owner of the land must be for mesne profits.

APPEAL from a judgment of the Superior Court of San
Benito County. M. T. Dooling, Judge.

The facts are stated in the opinion of the court.

A. H. Jarman, for Appellant.

The legal title ceased to be outstanding in the trustee after
the trust was terminated. (Civ. Code, secs. 871, 2279; Tif-
fany on Real Property, sec. 101, and note.) No deed was
necessary to pass title after the trust was terminated. (Toms
v. Williams, 41 Mich. 566; Nicoll v. Walworth, 4 Denio, 385.)
Rent is incident to the reversion, and it may pass by opera-
tion of law. (Tubb v. Fort, 58 Ala. 277; Wood on Landlord
and Tenant, p. 752.)

Briggs & Hudner, for Respondent.

Rent eo nomine cannot be recovered by one who has not
succeeded to the legal title of the lessor. (Warnock v. Harlow,
96 Cal. 298;[1] Emerson v. Weeks, 58 Cal. 439.) Where the con-
ventional relation of landlord and tenant does not exist, the

[1] 31 Am. St. Rep. 209, and note.

only action maintainable by the owner of the land is for mesne profits. (*O'Connor* v. *Corbitt,* 3 Cal. 370; *Ramirez* v. *Murray,* 5 Cal. 222; *Hidden* v. *Jordan,* 57 Cal. 184.)    A decree for a conveyance does not operate to pass the legal title until a conveyance is executed. (Civ. Code, sec. 3367, subd. 2; *Tardy* v. *Morgan,* 3 McLean, 358; *Prewett* v. .*Ashford,* 90 Ala. 294; *Mummy* v. *Johnston,* 10 Ky. 220; *Wallis* v. *Wilson,* 34 Miss. 357; *Morris* v. *White,* 96 N. C. 91; *Shepherd's Lessee* v. *Ross Co. Commrs.,* 7 Ohio 271 (1st part); *Proctor* v. *Ferebee,* 1 Ired. (N. C.) 143;[1] Pomeroy's Equity Jurisprudence, vol. 1, secs. 134, 135, 170, vol. 3, sec. 1317; 5 Am. & Eng. Ency. of Law, p. 380.)

HENSHAW, J.—A general demurrer to the complaint was sustained, and from the judgment which followed plaintiff appeals. The action is for rent *eo nomine,* and the complaint discloses the following facts: Bernard Murphy, under a deed of trust, was the trustee of the estate of John Murphy. The beneficiaries under the trust were the sons of John Murphy, one of whom is the plaintiff herein. In July, 1896, Bernard Murphy held, and for a long time prior thereto had held, the legal title of the land for the use of which rent is here sought. Bernard Murphy acquired the title by a deed absolute to him individually. It is not averred that there was anything of record to show that Bernard Murphy was not in fact the absolute owner of the property. At the date mentioned he leased the land by written lease to Peter Brereton, defendant's intestate, for a period of five years at a certain yearly rental. In August, 1897, plaintiff, then a minor, commenced his action in the superior court of Santa Clara County against Bernard Murphy, praying a decree that the property was held by Bernard Murphy as trustee of the estate of plaintiff's deceased father, praying further that Bernard Murphy be compelled to execute a deed conveying the legal title to plaintiff, and to the administratrix of the estate of plaintiff's deceased brother, beneficiaries of the asserted trust. As the outcome of this litigation, upon December 6, 1898, it was decreed that Bernard Murphy was estopped from denying that he was the trustee of the property in question. The decree provided further that Bernard Murphy be removed,

[1] 36 Am. Dec. 34, and note.

his office as trustee be vacated, and the trust be terminated. It was declared that the property was trust property, and belonged to the trust estate of John Murphy, deceased, and Bernard Murphy was directed to execute within thirty days a good and sufficient deed conveying the property, an undivided one half to Isabel Hanna, guardian of plaintiff herein, the other moiety to Isabel Hanna as administratrix of the estate of the deceased brother. In 1899, six months after, the decree was amended so as to direct conveyance to be made one half to plaintiff directly. An accounting was also had in the action and judgment entered against Bernard Murphy for $168.82. From this decree Bernard Murphy appealed, and in July, 1901, his appeal was dismissed and the decree became final. Thereafter, under compulsion of the court rendering judgment, by a deed dated October 9, 1900, Bernard Murphy conveyed the property as directed. The property was farming land. Peter Brereton was in possession of it under lease from Bernard Murphy at the time of the commencement of the action, and retained possession until his death in April, 1901, acknowledging Bernard Murphy as his landlord and holding adversely to plaintiff's claim of title, as evidenced by his refusal to pay him rent. Plaintiff succeeded to the interest of his deceased brother, and brings this action against the administrator of the estate of Peter Brereton for rents under the lease so made by Murphy to Brereton for the years 1898, 1899, and 1900, being the years during which the *status* of the property was in litigation between this plaintiff and Bernard Murphy, trustee. The trial court sustained the demurrer upon the ground that the relation of landlord and tenant did not exist between plaintiff and Peter Brereton, that the rents followed the legal title, and that this title did not vest in plaintiff until after the time for which a recovery of rent is here sought.

In this ruling we think the court was correct. This is not an action for mesne profits, but is admittedly an action for rent *eo nomine* under the terms of the lease executed by Bernard Murphy with Peter Brereton. Rents as such cannot be recovered by one who has not succeeded to the legal title of the lessor, or between whom and the lessee the conventional relation of landlord and tenant does not exist.

Where such a relation does not exist, or where the possession is adverse or tortious, the action by the owner of the land must be for the mesne profit. (*O'Connor* v. *Corbitt,* 3 Cal. 370; *Ramirez* v. *Murray,* 5 Cal. 222; *Emerson* v. *Weeks,* 58 Cal. 439; *Warnock* v. *Harlow,* 96 Cal. 298.[1])

It is to be noted that the complaint charges that the ranch was conveyed to Bernard Murphy as an individual by deed from one Michael Tynan, and not to him as trustee of the estate of the minors. It will be observed, moreover, that Bernard Murphy asserted that the fee was conveyed to him untrammeled by any trust; that he took the title in repudiation of the trust; and that litigation became necessary to establish, and the litigation ended in establishing, a resulting trust. It thus appears that Bernard Murphy took and held, and claimed the right to hold, the full title to the property, and the decree of the court which established the resulting trust declared in terms that the land belonged of right to the property of the trust estate created by William Murphy. The decree further provided that the trustee should make conveyance to plaintiff and his brother, as directed by the court. Section 3367 of the Civil Code designates the modes of giving specific relief. Subdivision 2 is "by compelling a party himself to do that which ought to be done." This was the method adopted here by the court, and is in accord with the fundamental rule of equity that its decrees operate upon the person and not upon the thing. This decree, therefore, did not change the legal title. It merely declared to whom in equity it ought to go. (Pomeroy's Equity Jurisprudence, secs. 134, 135, 170, 1317.) A conveyance executed under a decree operates by force of the conveyance and not of the decree. The decree does not alter the legal position of the parties until consummated by a conveyance. (*Tardy* v. *Morgan,* 3 McLean, 358; *Prewett* v. *Ashford,* 90 Ala. 294; *Mummy* v. *Johnston,* 10 Ky. 220; *Wallis* v. *Wilson,* 34 Miss. 357; *Morris* v. *White,* 96 N. C. 91; *Proctor* v. *Ferebee,* 1 Ired. (N. C.) 143.[2])

Plaintiff then obtained the legal title by virtue of the deed which ultimately Bernard Murphy made, but that deed was not executed in time to cover the rent for any of the years here involved. After the execution of the deed, it appears

---

[1] 31 Am. St. Rep. 209.        [2] 36 Am. Dec. 34.

that Brereton's representative attorned to the plaintiff, and this later rental is not in controversy.

It thus appearing that, at the time when this claim for rent arose, plaintiff had not succeeded to the legal title of Bernard Murphy, that the conventional relation of landlord and tenant did not exist between plaintiff and Peter Brereton, but that, to the contrary, Peter Brereton was holding under Bernard Murphy, and in hostility to the claim of title asserted by plaintiff, it follows that the demurrer was properly sustained, and the judgment appealed from is therefore affirmed.

Lorigan, J., and Beatty, C. J., concurred.

Hearing in Bank denied.