————o————

ROBERT C. CROWELL, *et al.*, Appellants, *vs.* ALFRED PLANT, *et al.*, Respondents.

1. *Bills and Notes—Orders—Acceptance, conditional—Contract pending.*—The acceptance of an order for money, stated therein to be against sums due on a pending contract, is a conditional acceptance, and a subsequent breach of the contract by the drawer may be a good defence to a suit on such acceptance.

*Appeal from the Jackson Circuit Court.*

*John K. Cravens* for Appellants.

Where an order is drawn upon a party, and upon the face of the order it is payable out of an indebtedness of the drawee to the drawer, it is a bill of exchange, and any reference in the order to the source of the indebtedness, informing the drawer how he may re-imburse himself, does not change its character. (Pars. Bills and Notes, 44 and note. Edw. on Bills and Notes, (top page) 136.)

*Twiss & Cook*, for Respondents.

The order is in express terms drawn on and payable out of a particular fund. To enable the plaintiff to recover on such an order he must aver and prove that the fund was sufficient. (Edw. on Bills, 420; 1 Parsons on Notes, etc., 304; Owens vs. Lavine, 14 Ark., 389; Atkinson vs. Manks, 1 Cow., 691; McGee vs. Larramore, 50 Mo. 425.)

ADAMS, Judge, delivered the opinion of the court.

The plaintiffs sued the defendants as acceptors of the following instrument of writing:

10—VOL. LIII.

"KANSAS CITY, Mo., Oct. 28, 1869.

Messrs. Plant Bros., Pratt & Co.:

Thirty days after date, pay to the order of Messrs. Crowell & Co., two hundred (200) dollars, out of any money due me for roofing warehouse in West Kansas City, and you are hereby authorized to hold back that amount on my contract for doing said roofing, for the purpose of covering this order.

M. P. BURR."

Across the face of which is written: "Accepted, Plant Bros., Pratt & Co.;" endorsed, "Protest waived, M. P. Burr."

The petition counts on this writing as an absolute acceptance for the payment of two hundred dollars in thirty days after the date. The second amended answer of defendant admits the execution of the instrument, and the acceptance of it by the defendant, but denies that it was an absolute promise to pay the money, and sets up that it was conditional, as the face of it shows that it was to be paid out of a particular fund which never did accrue; and the answer charges that Burr abandoned the work and never performed the contract, and no money ever became due to him out of which the acceptance could be paid.

The plaintiffs moved to strike out this defense; but the Court overruled the motion, and the plaintiffs excepted. The plaintiffs then moved for a judgment on the pleadings, and the court overruled this motion; and, the case being called for trial, the plaintiff took a non-suit, with leave to move to set it aside, and afterwards, in due time, moved the court to set aside the non-suit, alleging as reasons the action of the Court in refusing to enter judgment in their favor on the pleadings. This motion was also overruled, and exceptions duly saved, and a final judgment of non-suit rendered, from which the plaintiffs have appealed to this court.

It is plain to my mind, that the acceptance sued on was not an absolute promise to pay so much money. The very terms of the instrument show that it was to be paid out of the proceeds of a pending contract, which the second amended answer alleges never was complied with; and no money ever ac-

crued to the drawer out of which the acceptance could be paid. This was a good defense, and it is properly charged in the answer. (See Kingsbury vs. Pettis county, 17 Mo. 479 ; Campbell vs. Polk county, 49 Mo. 214.)

Objections were urged in the court below against allowing a second amended answer to be filed; but I see nothing in the objections worthy of comment here.

Let the judgment be affirmed. The other judges concur.