[No. 13565. Department Two. — November 8, 1893.]

WILLIAM P. CLARK, APPELLANT, v. R. H. COLLIER, RESPONDENT.

BUILDING CONTRACT—LOSS BY FIRE BEFORE COMPLETION.—Where, by the terms of a building contract, the third and last installments of payment for the work were conditioned upon its completion according to agreement and specifications, such installments cannot be recovered where the whole work is consumed by fire, without apparent fault of either party, before its completion.

ID.—CONSTRUCTION OF CONTRACT.—Where by the terms of the contract the contractor agreed to repair an old house and to build a new addition thereto to be attached to it, the old house to be turned partly around and placed on a new brick foundation, to be laid under both the old house and the new addition, there being nothing in the contract by which the price to be paid for any part of the work or materials could be distinguished from that to be paid for any other part, the contract is an entirety, and a provision that the third installment should be paid when the "building" is completed according to the agreement and specifications refers to the whole building, including the old part and the new addition.

ID.—INCOMPLETE BUILDING.—Where the evidence shows that no part of the second coat of paint required by the contract had been put on; that

the work-bench of the carpenters and the paint for the second coat
were in the building at the time of the fire; that two of the doors were
unhung, and no fastenings put on the front door or windows; and that
the house had not been delivered nor accepted, it cannot be held that
the building was substantially completed before the fire.

ID.—EXTRA WORK—CONFLICTING EVIDENCE—DE MINIMIS.—Where the
evidence was substantially conflicting as to the contractor's claim for ex-
tra work upon which the court found for the defendant, except as to
one door-lock, of the value of fifty cents, which, as compared with the
sum in contest, may be considered as *de minimis,* the finding will not be
disturbed.

APPEAL from a judgment of the Superior Court of
the City and County of San Francisco, and from an
order denying a new trial.

The facts are stated in the opinion.

*Moses G. Cobb,* and *E. K. Taylor,* for Appellant.

*Taylor & Haight,* for Respondent.

VANCLIEF, C.—Action to recover a balance of $825
alleged to be due and owing from defendant to plain-
tiff on a written building contract; and also $50 for
extra work. The cause was tried by the court. The
judgment was in favor of the defendant. The plain-
tiff has appealed from the judgment and from an order
denying his motion for a new trial.

By the contract the plaintiff agreed to repair an old
house and to build a new addition thereto to be attached
to it. The old house was to be turned partly round, re-
moved from its old foundation, and placed on a new
brick foundation, to be laid by plaintiff under both the
old house and the new addition. The plans and speci-
fications of the work to be done upon both the old and ·
the new parts, to which the contract referred, are ordi-
narily minute. The defendant agreed to pay for the
whole work $1,325, by installments as follows: "Old
part placed in position, $200; foundation in and frame
up, $300; inclosed and roof on, chimneys up, and the
building completed according to agreement and speci-
fications, $300. Balance to be paid on completion of

work, if not otherwise agreed upon by both parties hereto."

As the work progressed the first two installments were paid; but before further payment was made the whole house (old and new parts) was consumed by fire, without apparent fault of either party.

1. It is not contended that the plaintiff is entitled to recover either the third or last installment, unless the conditions stated in the agreement, upon which the third installment was to be paid, had been performed by plaintiff before the fire. But counsel for appellant contend that these conditions refer only to the new building; they say, "the old house was not to be inclosed, nor any roof put on, nor any chimneys put up." Conceding this, it is not perceived that the effect would be as claimed by counsel, even if, as they contend, the old house was substantially completed before the fire; since no reason appears why the payment of installments may not have been conditioned upon work on the new part. But counsel are mistaken in regard to chimneys. A chimney was to be built in the old part. The contract specifies: "Old house to be moved and turned side to Taylor avenue; chimneys to be taken down and new one built, with wood fireplace, where shown on plan." Besides, plaintiff testified that he understood "the terms 'building completed according to agreement and specifications,' to refer to the old house." The contract is an entirety. There is nothing in it by which the price to be paid for any of the work or materials can be distinguished from that to be paid for any other part. The word "building," in the condition upon which the third installment was to be paid, comprehends the new part, as clearly indicated by the condition of the first payment—"old *part* placed in position"—not old *building* placed in position. I think the trial court correctly construed the contract in this respect.

2. It is contended, however, that both parts of the building were substantially completed before the fire.

But without conflict the evidence shows that no part of the second coat of paint upon the new part, required by the contract, had been put on; that the work-bench of the carpenters and the paint for the second coat were in the new part at the time of the fire; that two of the doors were not hung, no lock nor fastenings on the front door, and no fastenings on the windows; and that the house had not been delivered to defendant. The plaintiff testified, however, that two days before the fire he had told defendant's wife that the old part of the house was finished, and that she might move into it; but this was contradicted by Mrs. Collier. The court found that plaintiff had never finished, completed, nor delivered the house, and that defendant had never accepted it; and I think the evidence sufficient to justify this finding.

3. Upon the count for extra work the court found for the defendant. As to all the items of this count the evidence was substantially conflicting, except as to one door-lock of the value of fifty cents, which, as compared with the sum in contest, may be considered as *de minimis.*

I think the judgment and order should be affirmed.

TEMPLE, C., and SEARLS, C., concurred.

For the reasons given in the foregoing opinion the judgment and order appealed from are affirmed.

　　McFARLAND, J., DE HAVEN, J., FITZGERALD, J.