[S. F. No. 2516.    In Bank.—October 14, 1903.]

HUGH HOGAN and T. P. HOGAN, Partners under Firm
Name of Humboldt Lumber Company, Appellants, v.
GLOBE MUTUAL BUILDING AND LOAN ASSOCI-
ATION, Respondent.

ORDER OF BUILDING CONTRACTOR—CONTINGENT ACCEPTANCE—COMPLE-
TION OF BUILDING—DESTRUCTION BEFORE COMPLETION.—An order
by a building contractor upon a building and loan association in
favor of a lumber company for materials furnished to be used in
the building, which was accepted payable upon completion of the
building, is not payable where the building was never completed,
but was accidentally destroyed by fire before completion without
fault of the lumber company or the contractor, and nothing be-
comes due from the owner to the contractor.

ID.—INTENTION OF PARTIES—MONEY TO BECOME DUE TO CONTRACTOR.—
It appearing that at the time of the conditional acceptance of the
order, the building and loan association had no existing indebted-
ness to the contractor, and could only advance for the owner to
the contractor such money as might become due to him under the
contract, it must be deemed the intention of the parties that the
acceptor should retain such money as might so become due in its
hands for the benefit of the lumber company, and where nothing be-
came due from the owner to the contractor there was no liability
upon the order.

APPEAL from a judgment of the Superior Court of the
City and County of San Francisco.    J. M. Seawell, Judge.

The facts are stated in the opinion of the court.

F. A. Berlin, for Appellants.

Where a contingency upon which a contract is payable be-
comes impossible or is unreasonably delayed, the question is
merely one of reasonable time.    (*Nunez* v. *Dautel,* 19 Wall.
563, and cases cited; *Williston* v. *Perkins,* 51 Cal. 554; *Page*
v. *Cook,* 164 Mass. 116;[1] *Lewis* v. *Tipton,* 10 Ohio St. 88;[2]
*Noland* v. *Bull,* 24 Or. 479; *Randall* v. *Johnson,* 59 Miss. 317;[3]
*Ubsdell* v. *Cunningham,* 22 Mo. 124; *Sears* v. *Wright,* 24 Me.
278; *De Wolfe* v. *French,* 51 Me. 420.)

---

[1] 49 Am. St. Rep. 449.    [3] 42 Am. Rep. 365, and note.
[2] 75 Am. Dec. 498.

Joseph Hutchinson, for Respondent.

The completion of the house was a condition precedent to any liability of the owner to the contractor. (*Clark* v. *Collier*, 100 Cal. 256; *Huyett & Smith Mfg. Co.* v. *Chicago etc. Co.*, 167 Ill: 233.[1]) And where the condition precedent fixed in the order became impossible of performance, there was an end of the contract to pay. (*Frisbie* v. *Moore*, 51 Cal. 516, 519.)

ANGELLOTTI, J.—In this action the demurrer of the above-named corporation, defendant, to plaintiffs' amended complaint was sustained, and judgment of dismissal was thereupon entered in favor of said corporation. Plaintiffs appeal from said judgment, and the only question presented is as to the sufficiency of said amended complaint as against said corporation.

The complaint against respondent corporation is based upon the acceptance of an order, of which the following is a copy:—

"$386.00                    OAKLAND, Cal., Oct. 3, 1899.

"Globe Mutual Loan Assn.—

"Please pay to Humboldt Lumber Co., or order, three hundred eighty-six and 00-100 dollars, for material furnished on your building, W. S. Grant street and Bancroft, Berkeley, and charge same to my account.        FREDERICK ESTY."

This order was on October 5, 1899, accepted by said corporation, by the following words and figures, viz:—

"Accepted, payable as follows:        "OCT. 5, '99.

"$375 upon completion of house.

"$11 thirty-five days after, provided no liens are filed.
      "GLOBE MUTUAL BUILDING & LOAN ASSOCIATION,
            "No. 503 California street, S. F.
                  "Fred H. Clark, Secretary."

The following additional facts are shown by the complaint, viz: Esty was a building contractor, engaged in building, under contract, a house for the owner of a lot of land in Berkeley. He had purchased from plaintiffs certain materials of the value of $386, for use in the construction of said house;

[1] 59 Am. St. Rep. 272 and note.

and the order was given to plaintiffs in payment therefor. Respondent held a mortgage on said property, which appellants in their brief admit was given to obtain the money with which to build, and at the time of the acceptance had moneys and securities in its hands belonging to the *owner* thereof more than sufficient in amount to pay the order.

The house was never completed, owing to the fact that on or about October 12th, and before its completion, it was totally destroyed by fire, without any fault on the part of plaintiffs, or the contractor, Esty.

It is further alleged that plaintiffs implicitly relied on said acceptance, and made no further effort to collect the money, either from the contractor or from the owner by way of lien; that respondent ever since the fire has denied its liability on said order and acceptance; that the *owner* has refused to allow the contractor to rebuild; and that the said building was fully insured against loss by fire in the name of the owner, and for the benefit of the mortgagee defendant.

Upon these facts we have no doubt as to the correctness of the ruling of the lower court. The completion of the house was a condition precedent to respondent's liability for $375 on its acceptance, and the absence of liens thirty-five days after such completion was a condition precedent to its liability for the remaining eleven dollars.

It is contended by appellants that the acceptance was meant to be absolute and unconditional, and that the event of the completion of the house was fixed upon merely as the time of payment. The rule in such cases is well stated in *De Wolf* v. *French*, 51 Me. 420, where it is said: "If, in fixing upon the happening of a future contingent event as the time when money is to be paid, the parties intend to make the debt a contingent one, and the event never happens, the creditor's right to recover it will never accrue. But if the debt is understood to be absolute, and the happening of the future event is fixed upon as a convenient time for payment merely, and for some unforeseen or unthought-of cause, the event never happens, the creditor's right to recover will not be defeated. The law will require the payment to be made within a reasonable time after it is ascertained that the event will

not happen. The debt will be contingent or otherwise, depending on the intention of the parties.''

Here, from the terms of the order and acceptance, and the circumstances surrounding the acceptance, as shown by the complaint, it is apparent that the intention of the parties was, that the respondent should retain for plaintiffs, *out of moneys in its hands belonging to the owner of the building and due from him to the contractor,* enough to pay the amount of the contractor's indebtedness to plaintiff, evidenced by the order. Respondent by its acceptance guaranteed that upon the completion of the building by the contractor, it would have $375 so due from the owner to the contractor, and therefore applicable to the order, and thirty-five days after such completion it would have at least eleven dollars more so applicable, and it, in effect, further said that unless the house was completed there would be no fund from which to pay the order. It is a matter of common knowledge that an installment is usually due upon a building contract upon the completion of the structure, and the law requires that at least twenty-five per cent of the contract price shall not become due until thirty-five days after such completion. At the time of the acceptance there was no existing indebtedness on the part of the respondent in favor of the contractor. Respondent had no money or property of the contractor. It simply had a mortgage on the owner's property to secure such advances as it might legally make for the owner on account of the construction of the building on the owner's land. It could legally advance for the owner to the contractor only such money as might be due from such owner to the contractor on account of such building. Even if it had other moneys and securities in its hands belonging to the owner of the building, such moneys and securities were the property of such *owner,* and could not legally be applied in payment of the contractor's debts, in the absence of any liability on the part of the owner to the contractor, or some authorization from such owner to so apply them. All of the facts herein stated are fairly inferable from the amended complaint, which must be construed against the pleader, and are fully admitted by appellant's brief. There is no pretense that plaintiffs, who were lumber dealers, engaged in the business of furnishing materials to building con-

tractors, were not fully aware of the relations between the respondent, the owner, and the contractor.

Under these circumstances it is very clear that it was the intention of the parties that the appellants were, with reference to the money that might become due upon the building contract, to take the place of the *contractor* to the extent of $386, and to receive the same *in place of the contractor,* their debtor, when the same should become due to the contractor from the owner under the terms of the building contract. The stipulation of the parties to the acceptance was, that the money should so become due at the times and on the conditions therein stated, and that respondents would pay the amounts when they so became due, and not otherwise. If the contractor failed to complete the building, the amounts stipulated by the building contract to be paid upon such completion and thereafter never became due from the owner to the contractor, notwithstanding the destruction by fire without the contractor's fault (*Clark* v. *Collier,* 100 Cal. 256), and therefore there was no money in respondent's hands applicable to the contractor's debt to appellants.

It may be, as contended, that neither party to the acceptance thought that the building would be destroyed by fire before completion, but it is evident that the acceptor desired to limit its liability to such money as might become due to the contractor from the owner.

The cases cited by appellants are not in point. They are all cases where the promise was given by the debtor, and where it was clear that the debt was understood to be absolute, and the future event was fixed upon as a convenient time for payment merely. A case more nearly in point is that of *Crowell* v. *Plant,* 53 Mo. 146, which sustains the contention of respondent.

The allegation as to insurance by the owner for the benefit of the mortgagee is immaterial. Presumably, it was for the benefit of the mortgagee only so far as its interest might appear, and would not cover any money not legally advanced upon the contract. Nor is the fact that the plaintiffs implicitly relied on said acceptance of any consequence. They had no right to rely upon it unless the contractor completed the building, for such was the contract between them and respond-

ent. Nothing could become due to them on the acceptance until it had become due to the contractor by reason of the completion of the building.

The judgment is affirmed.

Beatty, C. J., Van Dyke, J., Henshaw, J., and Lorigan, J., concurred.