[L. A. No. 1672.    Department Two.—April 1, 1905.]

PHILIP POHLMAN, Appellant, v. W. W. WILCOX et al., Respondents.

CONTRACTS—ASSIGNMENT BY SUB-CONTRACTOR OF LAST PAYMENT—CONDITIONAL PROMISE BY CONTRACTORS — ABANDONMENT OF SUB-CONTRACT.—An assignee of all of the interest of a sub-contractor in the last payment to be made to him under a sub-contract for stone-work in a building to be erected by the contractors, to whom the contractors have promised to pay the sum of five hundred dollars on the sub-contractor's order, when said money should be due to him, and to hold it out of the last payment due him, cannot maintain any action against the contractors, where the sub-contractor abandoned his contract and failed to perform it, the promise being conditional upon performance by the sub-contractor of his contract.

ID.—COMPLETION OF CONTRACT BY CONTRACTORS—EXTRA PAYMENTS TO SUB-CONTRACTORS TO INDUCE COMPLETION—PROMISE NOT ABSOLUTE.—Where, upon the failure of the sub-contractor to complete his contract, it was completed by the contractors at a cost of one thousand five hundred dollars more than the contract price, additional extra payments previously made. or promised to the sub-contractor to induce completion by him cannot have the effect to render the conditional promise absolute, or in any way affect the plaintiff.

ID.—USE OF MONEY ADVANCED BY PLAINTIFF—IMMATERIAL EVIDENCE.—It was not error to exclude evidence that the money advanced by

plaintiff to the sub-contractor was used by him to the knowledge
of the contractors in the work done under the sub-contract. Such
evidence was immaterial.

APPEAL from a judgment of the Superior Court of River-side County.  J. S. Noyes, Judge.

The facts are stated in the opinion.

Harris & Swanwick, for Appellant.

Purington & Adair, for Respondents.

SMITH, C.—This is a suit to recover the sum of five hundred dollars, with interest, alleged to be due from the defendants on a written contract.  The defendants had judgment, from which and from an order denying his motion for new trial the plaintiff appeals.

The case is: The defendants were under contract to construct a certain building for the government of the United States, and one Craig had contracted with them to furnish the stone for it for the sum of twenty-seven hundred dollars. Craig assigned to the plaintiff "all of [his] interest in the last payment to be made to [him] under the . . . contract," —which was twenty-five per cent of the contract price; and thereupon, the defendants executed to the plaintiff the written promise sued on, which is as follows:—

"Los Angeles, August 7, 1901.

"Phillip Pohlman:

"Sir: We will pay you the amount of five hundred dollars ($500) on M. Craig's order, out of the moneys due him from us in his contract with us for the stone work on the Sherman Institute to be built at Riverside, when said money is due him."

This promise was repeated by a subsequent letter to the plaintiff, of date September 5, 1901, wherein the defendants say: "We will hold the $500 out of the last payment due Mr. Craig for you as you request."

It is found by the court, in effect, that Craig abandoned his contract "before there was any money payable on defendants' said promise," and it is claimed by the appellant that this finding is not supported by the evidence.  But the only dis-

pute on this point is as to the date of the abandonment; and it is not disputed that this took place, if not before, at least on, the seventeenth day of May, 1902; at which time, it is also admitted, the contract had not been performed; and it also appears, without contradiction, that the completion of it cost the defendant fifteen hundred dollars more than the contract price. But the position of the appellant is, that at the time of the abandonment the defendants had paid the full amount of the contract price; and that the defendants' promise to pay had thus become absolute.

As to the fact asserted, we are not satisfied that it appears. Craig had indeed then received the aggregate sum of $3,653; but it does not appear how much of this was on account of the original contract price, and how much on account of the additional sums of six hundred dollars and five hundred dollars, which, in order to induce him to go on with his contract, the plaintiffs had been compelled to promise him; and on this point, if material, the burden of proof was on the plaintiff.

But however this may be, the fact is, we think, immaterial. The promise of the defendants was conditional upon the performance of the contract by Craig, and we know of no principle that would justify us in substituting for this the condition of payment of the contract price in advance of performance. Had Craig completed his contract the plaintiff could have recovered, without regard to the payments made by the defendants to Craig and others, and hence such payments were matters that in no way affected him. The evidence of such payments might, indeed, in some cases, be material to an issue as to performance, or as to fraudulent combination between the parties. But here nothing of the kind is pretended; but the payments were made for the purpose of inducing Craig to perform his contract, and were therefore equally for the benefit of the plaintiff as for that of the defendants.

Another point urged by the appellant is the alleged error of the court in excluding testimony to prove that the money borrowed by Craig from plaintiff was used by the former, with the knowledge of the latter, in the work under the contract. But the testimony, we think, was immaterial.

We advise that the judgment and order appealed from be affirmed.

Gray, C., and Cooper, C., concurred.

For the reasons given in the foregoing opinion the judgment and order appealed from are affirmed.

McFarland, J., Lorigan, J., Henshaw, J.