[Civ. No. 725. First Appellate District.—March 2, 1911.]

## ARTHUR J. O'BRIEN, Respondent, v. A. J. GARIBALDI, Appellant, and J. M. JACKSON, Codefendant.

BUILDING CONTRACT—ORDER FROM CONTRACTOR—DEDUCTION FROM COMPLETION PAYMENT — CONDITIONAL ACCEPTANCE — ABANDONMENT OF CONTRACT — NONLIABILITY OF OWNER.—An order from a building contractor upon the owner to pay a claim "on completion when house accepted, the sum of $900, and deduct same from my payment," is conditional on the contractor's earning the completion payment, under the contract, and the acceptance thereof by the owner is likewise conditional; and where the contractor abandoned the contract before completion, and the prior payments made, with the cost of completion and valid liens, left nothing further due to the contractor, the owner is not liable upon the order.

ID.—FINDING AGAINST EVIDENCE.—The finding of the trial court that the owner "promised and agreed to pay to this plaintiff said sum of $900 when the said house was accepted," is held unsupported by and contrary to the evidence.

ID.—CONSTRUCTION OF WRITTEN CONTRACT.—The order and its acceptance constituted a written contract, which is not susceptible of the construction fixed by the finding of the court. The acceptance by the owner was merely by his signature, which added nothing to the terms and conditions of the order. The "completion," "acceptance" and "payment" referred to in the order related to the completion, acceptance and payment specified in the original contract, and, so construed, the form of acceptance imposed no other or greater obligation than to pay to plaintiff whatever money might be due to the

contractor upon the happening of all of the conditions specified in the order.

ID.—EFFECT OF COMPLETION BY OWNER UNDER CONTRACT—PAYMENT OF LIENS PRO RATA—NOTHING DUE CONTRACTOR—ABSENCE OF FURTHER LIABILITY.—Though, when the contractor abandons the work, and the owner completes it under a right reserved in the contract, the work of completion is deemed to be done under the contract, yet the contractor is entitled to receive only any surplus over and above the cost of completion, and where any residue is required to pay lien claims *pro rata,* including the *pro rata* of the lien claim for $900, out of the last payment, and nothing becomes due to the contractor, there is nothing left whereupon any further liability can attach under the order for the payment of the residue of that sum.

ID.—EVIDENCE—CONSIDERATION FOR ACCEPTANCE OF ORDER—TERMS NOT MODIFIED.—Evidence tending to show a consideration for the acceptance of the order could not have the effect to modify or vary the terms and conditions expressed in the order upon which the acceptance was based.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco, and from an order denying a new trial.   James M. Troutt, Judge.

The facts are stated in the opinion of the court.

Sullivan & Sullivan, and Theo. J. Roche, for Appellant.

Costello & Costello, for Respondent.

LENNON, P. J.—In this action the defendant, A. J. Garibaldi, appeals from the judgment rendered against him and from the order denying his motion for a new trial.

The judgment is based upon the making and acceptance of the following written order, viz.:

"San Francisco, Cal., Jany. 19, 1907.

"Mr. A. J. Garibaldi, San Francisco, Cal.

"Dear Sir:

"Please pay to Mr. A. J. O'Brien on *completion when house accepted* the sum of $900, *and deduct same from my payment,* and oblige,                    Yours respectfully,

"J. M. JACKSON."

As an evidence of his acceptance of this order the defendant signed his name thereon below the signature of Jackson.   The

record further discloses that at the time of the presentation and acceptance of the order Jackson, a contractor and builder, was engaged in the erection of a building on certain real property owned by the defendant, in the city and county of San Francisco, pursuant to the covenants of a building contract, in the usual and ordinary form, executed by Jackson and defendant on the twelfth day of October, 1906.

The contract price of the building was $7,600, payable as the construction of the building progressed, in four equal installments. Prior to the nineteenth day of January, 1907, the date of the order in question, Jackson, the contractor, had so far progressed with his work, in accordance with the terms of his contract, as to be entitled to and he was paid the first two installments, amounting to the sum of $3,800.

On the second day of March, 1907, Jackson ceased work on the building and abandoned his contract, leaving due and unpaid to various persons for labor performed upon and materials used in the construction of the building the sum of $5,927.73. Thereupon the defendant, having fully complied with the requirements of the contract in such a contingency, personally assumed the further construction of the building, and under his immediate control and supervision the building was completed prior to the commencement of this action.

The last two payments which, under the terms of the contract, would have been due and payable to Jackson had he continued under his contract and completed the building, amounted to the sum of $3,800. The sum of $410.43 was expended by the defendant Garibaldi in completing the building. This sum, deducted from the amount of the last two payments, which would have been due to Jackson upon a compliance with the contract, left a balance of $3,389.57 in Garibaldi's hands to be applied in satisfaction of the several liens for labor and materials which, within the time allowed by law, had been filed against the building, and subsequently sued upon. This balance was distributed *pro rata* among the various lien claimants. O'Brien, the plaintiff, as a subcontractor under Jackson to do the plastering upon the building, was one of the lien claimants. He was paid as his *pro rata* the sum of $514.63, and after deducting this amount from the $900 specified in the order referred to, commenced this

action and obtained judgment against the defendant in the sum of $385.36.

It is conceded that the plaintiff was fully aware of the contractual relations existing, at the date of the order, between Garibaldi and Jackson; that in satisfying and discharging the liens of the several claimants the defendant Garibaldi expended all moneys due or which would have become due to Jackson upon his compliance with the terms of the building contract, and finally, that no part of the moneys due to the several lien claimants was ever paid by Jackson.

The trial court found as a fact "that on the said nineteenth day of January, 1907, the said A. J. Garibaldi duly accepted the said order, and promised and agreed to pay this plaintiff said sum of $900 *when the said house was accepted.*"

This is a material finding. It is the basis of the judgment in this case. This finding, however, is not wholly supported by the evidence, and it is clearly contrary to the evidence in so far as it finds that appellant's obligation, under the order, was to pay "the said $900 when the said house was accepted."

The order in question and its acceptance constitute a contract in writing and, upon its face, is not susceptible of any such narrow and limited construction. Some evidence was offered and received at the trial for the single purpose of showing the circumstances under which the order was made and accepted, but the record does not disclose that the appellant accepted the order in any other way than by writing his name thereon, or that the parties thereto in any way altered, varied or limited its terms and conditions. This being so, the order, in conjunction with the subsisting contract for the erection of the building, contains and expresses all the promises and agreements of the parties, and, therefore, for the purpose of ascertaining what the parties promised and agreed to do, resort must be had solely to the language of the order and the circumstances attending its inception and acceptance.

In the original contract it was in substance provided that Jackson was to "erect and finish" the building, and to furnish all labor and material required in the "construction and *completion*" thereof; the contract was to be deemed "completed" when the work was "finished in accordance with the original plans"; the third installment of the contract price

was to become due and payable when the building was "finished" by Jackson and "accepted" by Garibaldi, and the final payment was due at the expiration of the "usual thirty-five days" after the completion and acceptance of the building.

Manifestly the "completion," "acceptance" and "payment" referred to in the order of January 19, 1907, related to the completion, acceptance and payment provided for in the original contract.

It is clear, therefore, that in basing its finding as to the promise and agreement of Garibaldi to pay upon the single condition of the acceptance of the building the trial court ignored the remaining and equally controlling conditions of the order with reference to the completion of the building by Jackson, and the existence of a fund from which the amount specified was to be deducted and paid.

Construed in connection with the original contract to which it was related, the order is free from any uncertainty as to its scope and effect. So construed it is clearly conditional, and the manner and form of its acceptance imposed upon the defendant Garibaldi no other or greater obligation than to pay to plaintiff whatever money might be due to Jackson upon the happening of *all* of the conditions of the order.

The order was in effect an assignment to the plaintiff of the sum of $900 out of any moneys due or to become due to Jackson under the terms of the building contract; and the defendant's acceptance of the order was but a promise to pay upon the happening of the contingencies expressed therein. Nothing was due, however, under the contract from defendant Garibaldi to Jackson at the time of the execution and acceptance of the order, and no rights as to future payments under that contract, different from or superior to those of Jackson, as the contractor, were by the terms and acceptance of the order conferred upon the plaintiff as assignee.

Jackson having failed to complete the building as required by his contract, and as was clearly contemplated by the very terms of the order, no payment subsequent to the date of the order became due to Jackson from which the sum specified in the order could be deducted. (*Clark* v. *Collier*, 100 Cal. 256, [34 Pac. 677]; *Hogan* v. *Globe Mutual etc. Assn.*, 140 Cal. 614, [74 Pac. 153].) There being nothing due or to

become due to Jackson under the building contract, nothing was due or could become due to the plaintiff O'Brien under the order. (*Hogan* v. *Globe Mutual etc. Assn., supra; Pohlman* v. *Wilcox,* 146 Cal. 441, [80 Pac. 625].)

It is contended upon behalf of the respondent that the completion of a building by the owner after abandonment by the contractor confers upon the contractor, and all others claiming under him, all the benefits which ordinarily would have accrued to the contractor or his assigns upon a full performance of the contract by the contractor.

This position is untenable, and it is not supported by the authorities cited by counsel for respondent. It is true, generally, that when work upon a building is abandoned by the contractor, and the building is completed by the owner pursuant to a right reserved in the contract, as was done in this case, the work of completion is deemed to be done under the contract. (Boisot on Mechanics' Liens, sec. 85.)

The contractor, however, in that event is entitled to receive only the balance of the contract price that may remain over and above the cost of completion. (*Wiggins* v. *Bridge,* 70 Cal. 437, [11 Pac. 754]; *Denison* v. *Burrell,* 119 Cal. 182, [51 Pac. 1]; *White* v. *Livingston,* 69 App. Div. 361, [75 N. Y. Supp. 466].) Obviously, in such a contingency, nothing is due the contractor, or those claiming under him, where, as happened in this case, the cost of completion and prior payments, added to the amounts due to *bona fide* lien claimants, exceeded the contract price.

The plaintiff O'Brien had agreed with Jackson to do the plastering work on the building for $900, and the record shows that at the date of the order in controversy O'Brien's contract was about two-thirds completed. Not having received, up to this time, any payment from Jackson on account of his contract, O'Brien refused to proceed further with his work until he was given the order on Garibaldi for the said sum of $900. In this connection O'Brien's foreman testified that when he presented the order for acceptance he informed Garibaldi that "there was only one way to continue work on his building, and that was by getting some assurance that Mr. O'Brien would get his money." Thereupon Garibaldi signified his acceptance of the order by writing his name thereon below the signature of Jackson, saying at the time,

"Yes, I can sign that; I would like to have you go right ahead and finish it."

It is now claimed by counsel for respondent that the consideration for the order and its acceptance was the resumption of work by O'Brien, and not the completion of the building by Jackson, and that therefore, when the house was completed and ready for occupancy by any agency whatsoever, the sum specified in the order became due and payable to O'Brien.

The question as to whether or not there was any consideration for the acceptance of the order was distinctly raised by the pleadings, but the findings of the court are silent upon the subject, and the evidence of plaintiff's foreman was received by the court for the limited purpose of showing the circumstances under which the order was made and accepted. However, even if this evidence had been received for the purpose of showing the consideration for the acceptance of the order, it did not, and could not, modify or vary the terms and conditions upon which the order was accepted. (*Guidery* v. *Green*, 95 Cal. 630, [30 Pac. 786]; *Sivers* v. *Sivers*, 97 Cal. 520, [32 Pac. 571].)

*Cook* v. *Wolfendale*, 105 Mass. 401, so strongly relied upon by the plaintiff here, is not in point. The order there sued upon is readily distinguishable from the order sued on in the case at bar. "In *Cook* v. *Wolfendale, supra,* which is relied upon by plaintiff, the acceptance was given in consideration of lumber furnished to the contractor to be used in building the house for the acceptor. *And the terms of the order contained no reference to the building contract, but merely fixed the time of payment as the time when the building should be ready for occupancy.*" (*Somers* v. *Thayer*, 115 Mass. 163.)

As already shown, the order in the case at bar refers to and is dependent upon the completion and "payment" provided in the original building contract.

The judgment and order appealed from are reversed.

Kerrigan, J., and Hall, J., concurred.