[Civ. No. 1160.    First Appellate District.—April 4, 1913.]

S. TATSUNO, Appellant, v. L. A. PEDERSEN, Respondent.

DAMAGES—VALIDITY OF AGREEMENT TO LIQUIDATE.—The validity of a provision in a contract for stipulated damages is not of importance, if the evidence shows that the actual damages suffered from the breach of the contract are far in excess of the sum stipulated.

ACCOUNT STATED—WHAT DOES NOT CONSTITUTE.—Where one who has employed labor contractors exhibits to them a statement of account which he advises them is not complete and which they dispute the correctness of, such statement possesses none of the essentials of an account stated, and does not constitute a written acknowledgment of an indebtedness due the contractors sufficient to sustain a judgment.

SETOFF AND COUNTERCLAIM—ASSIGNMENT BY CONTRACTOR OF SUM TO BE DUE ON SETTLEMENT.—An assignment by a contractor of such sum as may be found due him on the final settlement of his contract is not within the rule that an unconditional assignment of a contract for the payment of money cannot be subjected to offsets subsequently created in favor of the debtor.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco and from an order denying a new trial.   John Hunt, Judge.

The facts are stated in the opinion of the court.

Andrew Thorne, and Earll H. Webb, for Appellant.

Pillsbury, Madison & Sutro, for Respondent.

LENNON, P. J.—This is an appeal from a judgment in favor of the defendant entered upon the verdict of a jury, and also from an order denying the plaintiff a new trial.

The action was founded upon a written order drawn upon the defendant in favor of the plaintiff by W. Mori, Tanaka Bros., and W. Wantanabe, Japanese labor contractors, who had previously entered into a contract with the defendant to furnish laborers for the work of canning salmon during the fishing season of 1909 at defendant's cannery at Bristol Bay on the coast of Alaska.   The order in question requested the defendant to pay to the plaintiff the sum of seven hundred

and fifty dollars ''from the balance that may become due to us in the final payment of our salmon contract with you for this season.'' This order was accepted in writing by the defendant ''subject to the amount becoming due contractors signing same.''

Plaintiff's complaint alleged, among other things, that at the time of the commencement of the action there was a balance of several thousand dollars due to the Japanese contractors. The defendant answered denying that such balance or any amount whatever was due from him under the contract. Further answering the plaintiff's complaint the defendant admitted an indebtedness to the Japanese contractors for work done under the contract in the sum of $20,753.75, but by way of counterclaim averred that defendant at various times from and after the execution of the contract and under the terms thereof advanced to said contractors various sums of money and furnished them with supplies aggregating the sum of $16,447.50; that said contractors became further indebted to the defendant in various sums of money aggregating the sum of $22,598 because of damages resulting to defendant from distinct and specific alleged breaches of several conditions of the contract.

The defendant's answer proceeded further and alleged that in view of the nature of the contract and the circumstances under which it was entered into it was impractical or extremely difficult to ascertain the amount of damages which the defendant might sustain in the event of a breach of the contract, and for that reason the parties thereto stipulated the damages which would accrue to the defendant because of such breach.

The case was tried and submitted to the jury mainly upon the issue as to whether or not, after deducting the amount of advances and the sums claimed to be due as damages, there was anything due under the contract from the defendant to the Japanese contractors.

It is one of plaintiff's contentions that the clause in the contract providing for stipulated damages was in contravention of sections 1670 and 1671 of the Civil Code. This contention is based upon the assumption that the evidence adduced upon the trial shows that it was neither impractical nor extremely difficult to ascertain from the nature of the case the

actual damages which resulted to the defendant from the pleaded and proven breach of the contract. If from the nature of the case this clause of the contract could be rightfully determined to be void and unenforceable for the reason stated, such determination would not destroy the force of the contract as a whole, nor, under the pleadings and proof here presented, operate to overthrow the verdict and judgment rendered and entered against the plaintiff. The defendant's answer and counterclaim in effect alleges, and the evidence upon the whole case shows, the actual damage suffered by the defendant for the several specified breaches of the contract to be far in excess of the sum stipulated as damages, and therefore the question of the validity of the contract, in so far as it relates to liquidated damages, is not of any importance. In other words, under the issues raised by the pleadings evidence of either liquidated or actual damages was admissible; and inasmuch as it was shown by the evidence that defendant's actual damage, whether computed according to the calculations of the plaintiff or those of the defendant, exceeded the sums claimed as stipulated damages it must be held that the pleadings and proof support the verdict and judgment. (*Cutting Packing Co.* v. *Canty,* 141 Cal. 692, [75 Pac. 564]; *Escondido Oil Co.* v. *Glaser,* 144 Cal. 494, [77 Pac. 1040]; *McComber* v. *Kellerman,* 162 Cal. 749, [124 Pac. 431].)

The contract in question provided that "final settlement should be made ten days after the return of the men employed under the contract to San Francisco." It is an admitted fact in the case that the men who were so employed returned to San Francisco about the twenty-ninth day of September, 1909; and it was shown in evidence that on the ninth day of October, 1909, the Japanese contractors called upon the defendant for the purpose of obtaining a final settlement. At this interview the defendant exhibited a statement of account which showed a balance of $1,133 due to the Japanese contractors. The defendant testified that this statement of account was but a partial statement of his account with the Japanese contractors, and that he then informed them that they had failed to perform the conditions of the contract on their part to be performed, and that by reason thereof the statement when completed would show a balance in favor of the defendant. Aside from the question of damages the Japanese contractors dis-

puted the correctness of the account as it was then presented. The proof of plaintiff's case rested largely upon the introduction in evidence of this incomplete and unaccepted statement of account; and it is now insisted upon behalf of plaintiff that such statement was a written acknowledgment of an indebtedness due to the Japanese contractors in the sum of $1,133, out of which the claim of plaintiff could and should have been satisfied, and that such statement was sufficient evidence in and of itself to require a judgment in favor of the plaintiff.

In view of the evidence above narrated covering the preparation and presentation of this statement of account, it is obvious that such statement possessed none of the essentials of an "account stated." On the contrary such evidence shows that the statement in question was never intended by the defendant nor accepted by the Japanese contractors as a correct and completed statement of account, and, therefore, in no sense and to no extent did it amount to an acknowledgment by the defendant of a balance due to the Japanese contractors.

It appears from the evidence that the defendant made certain payments to the Japanese contractors in excess of the sum of seven hundred and fifty dollars after the date of the making and conditional acceptance of the order in suit, and it is an admitted fact in the case that the several breaches of the contract complained of occurred subsequent to the presentation and acceptance of the order. It is insisted that neither these payments nor the damages claimed can be properly offset against the claim of plaintiff, because they occurred subsequent to the acceptance of the order.

This contention cannot be sustained. Generally speaking the unconditional assignment of a contract for the payment of money cannot be subjected to offsets subsequently created in favor of the debtor. No such question, however, confronts us in the present case. The assignment or order in question here did not call for payment out of any sums that might immediately become due to plaintiff's assignors. On the contrary the assignment and its acceptance clearly called for and compelled payment only from such sum as might be found to be due to plaintiff's assignors upon the termination and final settlement of the contract. In other words, the order in question called for payment from any balance which might be found to be due under the contract to plaintiff's assignors;

and defendant's acceptance of the order was in effect predicated upon the condition that there would be a balance due to plaintiff's assignors upon the completion of the contract. In short, the order was but an assignment to plaintiff of the sum of seven hundred and fifty dollars out of any moneys finally found to be due to plaintiff's assignors under the terms and conditions of the contract, and the defendant's acceptance of the order was but a promise to pay the sum called for out of any fund which ultimately might be found to be due to plaintiff's assignors. Such acceptance, therefore, conferred no greater or different claim in favor of plaintiff than was originally possessed by his assignors; and inasmuch as it was ultimately found that nothing was due to them under the contract it follows that there was nothing due to the plaintiff under the order. (*Hogan* v. *Globe Mutual etc. Assoc.,* 140 Cal. 610, [74 Pac. 153]; *Pohlman* v. *Wilcox,* 146 Cal. 440, [80 Pac. 625]; *O'Brien* v. *Garibaldi,* 15 Cal. App. 518, [115 Pac. 249].)

The judgment and order appealed from are affirmed.

Hall, J., and Murphey, J., *pro tem.,* concurred.