[Civ. No. 1804. Second Appellate District.—November 8, 1916.]

THOMAS J. DEEBLE, Appellant, v. EXCHANGE NATIONAL BANK (a Corporation), Respondent.

CONTRACTS—ORDER CONCERNING MONEYS COLLECTED UPON—OBLIGATIONS OF COLLECTING AGENT.—A written order made by the owner of certain written contracts for the sale of real property, upon which contracts amounts became due and payable each month from the purchasers, instructing a bank, which merely held the contracts as a collecting agent, to set aside and pay over to a creditor of the owner of such contracts a certain amount each month out of the moneys collected until a stated sum had been paid, does not obligate the bank to retain the contracts until an amount sufficient to satisfy such debt had been paid.

APPEAL from a judgment of the Superior Court of Los Angeles County. John M. York, Judge.

The facts are stated in the opinion of the court.

P. D. Overfield, I. C. Louis, and Alfred E. Dennis, for Appellant.

Eugene C. Campbell, for Respondent.

JAMES, J.—A demurrer in which special and general grounds were assigned was sustained to the third amended complaint of the plaintiff without leave to amend, and judgment of dismissal followed, from which this appeal was taken. It is recited in that judgment that plaintiff's attorneys stated to the court that they did not desire to further amend, and no question is made as to that part of the order which denied leave to amend the pleading. The question argued is as to whether the complaint contained a statement of facts suffi-

cient to constitute a cause of action against defendant. It was first therein alleged that on the first day of July, 1913, one J. W. Young was the owner of certain written contracts for the sale of real property, upon which contracts amounts became due and payable each month from the purchasers; that the total amount of money due under such contracts was in excess of eighty thousand dollars. The complaint then alleged:

"That said contracts and payments made under and pursuant thereto were at all the times aforesaid in the possession of and held by the defendant corporation to and for the use and order of said J. W. Young.

"That on or about July 1st, 1913, said J. W. Young owed plaintiff the sum of fourteen hundred and sixty ($1460) dollars for labor and services performed for said J. W. Young during a period of one year next preceding said date, at his special instance and request.

"That plaintiff and said J. W. Young on or about the said 1st day of July, 1913, entered into an agreement whereby said plaintiff accepted in full payment for said indebtedness of fourteen hundred and sixty ($1460) dollars from said J. W. Young an order and assignment of certain moneys in the sum of fourteen hundred and sixty ($1460) dollars due on contracts for the sale of lots in Industrial White City Tract, Long Beach, owned by said J. W. Young and held by defendant for collection for said J. W. Young.

"That on or about the 1st day of July, 1913, within the county of Los Angeles, state of California, the said J. W. Young, pursuant to said agreement with plaintiff set out in paragraph IV herein, executed to the defendant corporation a certain writing in words and figures hereinafter set forth. That the defendant corporation accepted the terms of the said writing and thereafter on or about the same day defendant delivered the same to the plaintiff and at the same time and place entered into an oral agreement with plaintiff that defendant, in consideration of plaintiff releasing said J. W. Young from payment of the said fourteen hundred and sixty ($1460) dollars, would keep and retain the aforesaid contracts in its possession for a period of time sufficient to enable it to pay plaintiff the total sum of fourteen hundred and sixty ($1460) dollars from moneys it might receive under and pursuant to the aforesaid contracts, and would pay the

said sum of fourteen hundred and sixty ($1460) dollars to plaintiff as so collected monthly. That the aforesaid writing is in words and figures, as follows, to wit:

" 'Long Beach, Cal., July 1st, 1913.
" 'Mr. C. H. Wiley c/o Exchange National Bank,
    " 'Long Beach, California.
    " 'Dear Sir: I hereby instruct you to set aside twenty (20%) per cent of all moneys received on the first forty (40) acres of Industrial White City from this date, and to pay to T. J. Deeble his share of one-third of said 20% set aside as above stated paid until the amount of fourteen hundred and sixty ($1460) dollars shall have been paid. Said payments are to be made to the said Mr. Deeble every thirty (30) days.
                              " 'Yours truly,
                                  " 'J. W. Young.
    " 'Copy filed with us this 1st day of July, 1913, and approved by us.

                              " 'Chas. A. Wiley,
                              " 'W. J. Gardiner.'

"That at all times herein mentioned the said Charles A. Wiley (mentioned as C. H. Wiley and Chas. A. Wiley in the aforesaid writing) and W. J. Gardiner, and each of them, were officers and agents of defendant corporation and were acting as officers and agents of defendant corporation at the time they and each of them placed their signatures on the aforesaid writing."

It was then alleged on information and belief that the defendant had received during the months of July and August, 1913, moneys due on said contracts amounting to the sum of $1,960, and that during said months "defendant corporation paid to plaintiff under and pursuant to the terms of the aforesaid writing and oral agreement with said plaintiff the sum of $130.05." It was further alleged on information and belief that on or about the thirty-first day of August, 1913, the defendant, "disposed of, transferred, and delivered to" J. W. Young all of the contracts, together with moneys theretofore paid to defendant and then in possession of the defendant; that from that time on the defendant was unable and refused to pay to the plaintiff any of the money becoming due under such contract. The prayer was for judgment in the sum of $1,329.95.

The contention of plaintiff is that upon the giving of the written direction signed by Young to the bank, the bank became obligated to retain in its possession the contracts until an amount sufficient had been collected to satisfy the debt due from Young to the plaintiff. The difficulty with this position is that the bank was in nowise a debtor to Young. It was acting merely as Young's agent, and the written direction given to it constituted no assignment of amounts due from the purchasers of the land. The effect of the arrangement, as we read the allegations of the complaint, was only that so long as the bank continued to act as collector for Young it would pay over to the plaintiff, out of the proceeds of the contracts in its hands, the amounts directed to be paid by Young. The contract holders, debtors of Young, would have been in no way estopped from paying the money due from them directly to their creditor. Under the facts shown there could have been no release of the principal debt worked by the giving of the order by Young directing his agent to pay to his creditor, the plaintiff, enough money, if such was collected, to satisfy the debt. No doubt, as to the money actually collected by the bank, plaintiff was given the right to claim such a proportion as it was agreed should be paid therefrom, and to that extent the order might perhaps be said to work an equitable assignment in favor of plaintiff of the right to take that money. The contracts, as it appears, were held by the bank without any interest given to the defendant therein, and were held subject to the right of Young to retake them into his own possession upon demand. We think that the court's ruling on the demurrer was correct and that the judgment should be affirmed.

The judgment is affirmed.

Conrey, P. J., and Shaw, J., concurred.