[Civ. No. 3846.   Second Appellate District, Division Two.—January 17, 1924.]

BYRD HENRY, Respondent, v. A. R. JONES, Appellant.

[Civ. No. 3847.   Second Appellate District, Division Two.—January 17, 1924.]

GEORGE C. SMITH, Respondent, v. A. R. JONES, Appellant.

[1] NEGOTIABLE INSTRUMENTS — BILL OF EXCHANGE — CONDITIONAL ACCEPTANCE.—Where a bill of exchange or order is accepted according to the provisions of a particular contract, resort must be had to that contract to ascertain the terms of the acceptance; and a conditional acceptance becomes absolute on the performance or happening of the condition, but such acceptance is not enforceable until complete fulfillment of the condition.

[2] ID. — NONPERFORMANCE OF CONDITIONS PRECEDENT — EVIDENCE — FINDINGS.—In this action upon an order for the payment of money, drawn by a vendor upon a vendee, and in favor of a third party, and which by its terms was not payable until the final installment of the purchase price of certain real property was payable, the evidence was insufficient to justify the finding of the

trial court that the vendor had fully complied with all the terms and conditions of the contract for the sale of the real property; and the vendor not having complied with the terms of such contract, which were in effect conditions precedent to payment by the vendee, the order for the payment to said third party was not payable, even though it had been accepted by the vendee.

APPEAL from judgments of the Superior Court of Santa Barbara County. S. E. Crow, Judge. Reversed.

The facts are stated in the opinion of the court.

A. B. Bigler for Appellant.

Armstrong & Schaeffer, C. U. Armstrong and Fred A. Schaeffer for Respondents.

WORKS, J.—These two actions were tried separately and they are briefed separately on the appeal. They are, however, companion cases. The evidence on the two trials was similar and the points which will dispose of the appeal are exactly the same. Such statement of facts as we find it necessary to make will apply in substance to both cases, although we shall frame our language, for clarity and convenience, as if only the first of the two, number 3846, were involved.

One J. F. McCloskey entered into a written agreement with defendant, dated June 5, 1918, whereby McCloskey agreed to sell and defendant agreed to buy a parcel of real property. The following portions of this agreement are material to the present controversy: ''The purchase price . . . is $51,300.00, . . . which'' Jones ''agrees to pay . . . as follows: Five Thousand Dollars on the date hereof, receipt whereof . . . is hereby acknowledged: Twenty-three Thousand Eight Hundred Dollars,'' as early, under certain conditions, as November 1, 1918, but not later than January 1, 1919; ''and the balance of said purchase price, to wit: The sum of Twenty-two Thousand Five Hundred Dollars by note and mortgage as hereinafter stipulated. Upon the payment of said second installment of'' $23,800 ''and the execution and delivery of said note and mortgage . . . '' McCloskey ''agrees to execute and deliver to'' Jones ''a deed conveying to him the said real property free and clear of lien or

encumbrance and to furnish to him an abstract or certificate of title thereto; provided that said deed shall be executed immediately and placed in escrow in a bank at Santa Maria with instructions to deliver same upon the performance of such conditions and the abstract or certificate of title shall be furnished for examination at the earliest convenient date; and'' Jones, ''simultaneously with the delivery of said deed and as a condition thereto shall execute and deliver to'' McCloskey ''his promissory note for the principal sum of'' $22,500, ''. . . which said promissory note shall be secured by a mortgage constituting a good and sufficient first lien upon the premises.'' On June 12, 1918, McCloskey executed to one Viah his certain order, directed to Jones, as follows: ''Pay to the order of V. S. Viah Seven Hundred, eighty-seven 50/100 Dollars, Value received, and charge the same to account of above [?], to be paid when final payment of $22,500.00 is made on my ranch.'' Viah presented this paper to Jones and it was by the latter accepted. It is conceded that the payment referred to in the order was the payment of $22,500 mentioned in the agreement from which quotation is above made. Plaintiff became the owner and holder of the order, which defendant has never paid, nor has he ever made any payment on the real property described in the agreement for purchase and sale between him and Mc-Closkey, except the initial payment of $5,000, nor has he ever delivered the note and mortgage mentioned in the agreement. This action was commenced for the purpose of recovering on the order. Judgment went for plaintiff and defendant appeals.

[1] It is, of course, the law that where a bill of exchange or order is ''accepted according to the provisions of a particular contract, resort must be had to that contract to ascertain the terms of the acceptance'' (8 C. J. 326), and that ''A conditional acceptance becomes absolute on the performance or the happening of the condition, but such acceptance is not enforceable until complete fulfillment of the condition'' (Id. 326, 327; see, also, *Pohlman* v. *Wilcox*, 146 Cal. 440 [80 Pac. 625]); although it is probable that this last expression does not mean, to translate it into the terms of the present case, that appellant should have actually made the final payment provided for in the agreement for purchase and sale before his liability under the order

became enforceable. The condition in the order was doubtless satisfied if appellant became liable to make that payment. The cause was tried upon such a theory and appellant now concedes the correctness of the theory. We shall proceed upon the assumption that it is correct, without the citation of authority to support it.

[2] In pursuit of the theory just mentioned the complaint contains the necessary allegation that McCloskey ''has fully complied with each and all the terms and conditions of said agreement of sale . . . '' The trial court found that this averment was true, and appellant contends that the finding is not supported by the evidence. As a step toward the settlement of this question, and because of the somewhat involved manner in which the agreement is couched, we epitomize certain of its provisions, in the order of their performance as contemplated by the instrument, thus: 1. McCloskey was to place in escrow a deed conveying the real property to Jones free and clear of lien or encumbrance; 2. He was to furnish to Jones, for examination, an abstract or certificate of title showing that the deed conveyed the property free and clear of encumbrance; 3. Jones was to pay $23,800 and deliver the notes and mortgage, and, simultaneously, the escrow holder was to deliver to him the deed. If there be any doubt upon a cursory reading of the agreement whether these successive steps in its performance are properly set forth, that doubt is removed, inevitably, by a closer scrutiny of the instrument. It is plain that the first step was to have been the delivery of the deed in escrow. It is certain that the deed so delivered was to convey the property free and clear of encumbrance. A little reflection will demonstrate that the furnishing of the abstract or certificate of title was to have been the next step in order. The agreement was dated June 5, 1918, and in no event was the $23,800 to be paid, or the note and mortgage to be delivered, or the deed to pass from the escrow holder, earlier than November 1st of that year, a period of nearly five months elapsing between the two dates. That the furnishing of the abstract or certificate was to have been the second step in the performance of the agreement is predicable of at least two reasons: 1. While this document was not to have been furnished at any specified time, it was to have been forthcoming as soon as convenient. The use

of this phrase is practically conclusive of the idea that the parties contemplated the furnishing of the abstract or certificate within less than five months. 2. The deal was not to have been completed, naturally, until McCloskey showed that he could convey a clear title, and the furnishing of an abstract or certificate was designated in the agreement as the usual means whereby the state of a title is ascertained. The parties plainly contemplated that Jones should not part with his money, or deliver the note and mortgage, or accept a deed, until the matter of the title was settled.

The evidence was insufficient to support the questioned finding. McCloskey never did more than deposit the deed in escrow. Therefore, Jones was never put in default. The payment of $23,800 was never due from him and he never became liable to deliver the note and mortgage. Therefore, also, his liability under the order sued on never became fixed.

It is unnecessary to discuss other points made by appellant.

Judgment in each case reversed.

Finlayson, P. J., and Craig, J., concurred.

A petition by respondents to have the causes heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on March 17, 1924.

All the Justices concurred.