ARTHUR H. VAN BRUNT, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 12444. Promulgated April 3, 1928.

*John Drye, Jr., Esq.*, for the petitioner.
*James L. Backstrom, Esq.*, for the respondent.

**OPINION.**

LITTLETON : This proceeding was submitted upon the statements contained in the petition, admitted by the Commissioner in his answer. Petitioner claims that the rent and dividends received by him belonged to his wife and therefore did not constitute taxable income to him. Title to the property from which the rent and dividends in question were received was in petitioner and the properties were held by him. The instrument attempts to assign that portion of petitioner's income from the sources mentioned to his wife upon her agreement to pay all household and other similar expenses and does not purport to convey to the wife petitioner's interest in the property from which this income was derived. After the receipt of the rents and dividends petitioner delivered the same to his wife. The consideration stated in the instrument is that the wife agrees to pay the household and other similar expenses; however, the instrument is not signed by petitioner's wife and did not therefore obligate her. Petitioner's wife therefore did not own or control any interest or title to the real property from which petitioner received rentals in the amount of $2,399.92. Likewise the stock from which the dividends were received by petitioner was not transferred to the wife. Even if petitioner's contention that the corpus of this property was held in trust should be sustained, such trust was in part, if not in its entirety, a trust for the benefit of petitioner, inasmuch as the income from it was turned over by him to his wife to be used and applied in payment of his obligations, namely, that of maintaining and supporting his family. When the instrument is considered as a whole it seems evident that there was an assignment of income from property rather than an assignment of the corpus of such property. The instrument states that a life interest is assigned to the wife so that she is directly entitled to collect only the income from certain securities during the life of the agreement and also the income from any and all leases in which petitioner is the lessor. It further provides that the wife is entitled to collect all other salaries or earnings of petitioner except that from his law firm. Cf. *Bing* v. *Bowers*, and *Bing* v. *Anderson*, 22 Fed. (2d) 450. *Fred W. Warner,* 5 B. T. A. 963. Upon the face of the instrument the Board is of the opinion that the Commissioner correctly held that the rents and dividends in question constituted income to the petitioner.

*Judgment will be entered for the respondent.*