JOHN SHIRLEY WARD AND CHANDLER P. WARD, EXECUTORS, ESTATE OF SHIRLEY C. WARD, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 26580, 43616, 44877. Promulgated February 25, 1931.

*Chandler P. Ward, Esq.*, for the petitioners.
*R. W. Wilson, Esq.*, for the respondent.

356

OPINION.

LANSDON: Two items of income are affected by the assignments of error under consideration here. The first is a balance in rent payable to the decedent through the bank, and the other is made up of sums paid direct under a written contract with decedent for easement rights. It is the contention of the petitioners that in each case the decedent, by his assignment, completely divested himself of all property rights and interests in and to the several sums paid under these contracts to his assignees, so that when paid they constituted income to such assignees and not to decedent. In support of such contention many authorities are cited by petitioners in their brief to show that under the laws of the State of California such interests are assignable; also that in similar instances the Board has so recognized them.

Looking first to the payments made to decedent's assignees by the bank out of funds collected under the so-called Pohlman property lease, it is noted that they were from the residue of the rental paid by the lessees under their lease from decedent after obligations of said lessor to prior landlords were paid. This was (1) in accordance with the terms of the lease, which made the bank agent for decedent and his lessees to receive and disburse the rents, and (2) the decedent's directions to the bank to pay the net balance to his assignees. It was this residue or "net rentals," as so characterized by decedent in describing the interest intended to be assigned of the total rents paid which decedent assigned to his wife and sister, and which was paid to them by the bank after all other charges against decedent's interests were liquidated. Since the status of the decedent, as lessor, under this lease remained unchanged and all pay-

ments of rent were made to his nominee, it follows that when so made they belonged to him and were a part of his income when received by the bank. *Ormsby McKnight Mitchel*, 1 B. T. A. 143; *Louis Cohen*, 5 B. T. A. 171; *Samuel V. Woods*, 5 B. T. A. 413; *Alfred LeBlanc*, 7 B. T. A. 256; *Ella D. King*, 10 B. T. A. 698; *Arthur Van Brunt*, 11 B. T. A. 406; *George M. Cohan*, 11 B. T. A. 743; *Mitchel* v. *Bowers*, 9 Fed. (2d) 414; *Mitchel* v. *Bowers*, 273 U. S. 759; *Bing* v. *Bowers*, 22 Fed. (2d) 450.

In each of the several decisions cited by the petitioners to sustain their contentions, the basic facts have shown not simply that the rights involved were such as could be legally assigned, but the further fact that the assignor had in each case actually parted with all or some part of his title to the income-producing corpus. In the present case the producer of the income was decedent's lease, not the funds after payment into the bank. And it was to portions of this fund that the decedent passed title by his assignments which, after receipt and disbursements otherwise made by the bank but not before, became accounts receivable in favor of the assignees. After these conditions were fulfilled the assignees could have maintained an action against the bank for the amounts due under the assignments; but they at no time could have sued the lessee for such under the lease, since they were neither landlords nor the holders of any interest in the legal title of the property. *Murphy* v. *Hopcroft*, 142 Cal. 43; 75 Pac. 567. Neither did such assignments convey an interest in a trust, as further contended by petitioners, since the bank's acceptance of them, under the circumstances, constituted no more than its mere promise to pay the sums specified out of the balance, if any, in its hands that might be found due to the assignor. *Deeble* v. *Exchange National Bank*, 32 Cal. App. 9; 161 Pac. 1010; *Tatsuno* v. *Pedersen*, 21 Cal. App. 585; 132 Pac. 609; *Hogan* v. *Globe Mutual*, 140 Cal. 610; 74 Pac. 153; *Pohlman* v. *Wilcox*, 146 Cal. 440; 80 Pac. 625; *O'Brien* v. *Garibaldi*, 15 Cal. App. 518; 115 Pac. 249.

In respect to the second item of income, which includes the several amounts collected by decedent's assignee under the contract with the owners of the Brack Shops Building, we have only the contract made between the decedent and the Standard Fireproof Building Company, which does not set forth the terms and conditions governing the payments of rent. The agreed statement of facts made by the parties to these proceedings, however, shows that the purchasers of the lease from the Standard Fireproof Building Company agreed in writing to " assume " a payment of $200 per month to decedent for the use of "such easement," and did thereafter pay said rental to decedent until the second day of January, 1922, at which date the assignment under consideration became effective. As pertaining to

these rentals, the language of the decedent as set forth in the conveying clause of this assignment is as follows:

I further hereby assign, transfer and set over to my wife my right to receive from the Brack Shops Building, 527 W. 7th St., Los Angeles, California, as consideration for rear light and entrance privileges secured by me for such building a monthly rental of $200 per month to continue as long as such rear entrance privilege and such rear light protection continues and so long as I am entitled to said $200 per month compensation therefor.

Although we are without complete details respecting the owners' agreement to " assume " payments of these rentals, it is clear that by this assignment only the decedent's " right to receive " them from the Brack Shops Building so long as such right existed, was transferred to the wife, and that the assignor retained in himself full title to the basic easement and the reversion. Since rent is an incident to the reversion and passes with it, we have uniformly held that its character as income of a lessor who retained the reversion could not be changed by the bare assignment of his right to receive it when due. *Fred W. Warner*, 5 B. T. A. 963; *Arthur H. Van Brunt, supra; Julius Rosenwald*, 12 B. T. A. 350; *Charles F. Colbert*, 12 B. T. A. 565; and *Bing* v. *Bowers, supra*. Exceptional conditions in the cases cited by petitioners, which they argue point to contrary holdings, do not obtain here. The determination of the respondent is approved.

*Decision will be entered under Rule 50.*